**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**BROOKE INDUSTRIES INCORPORATED, Respondent.**

No. 88–2405.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 25, 1989.

Decided Feb. 13, 1989.

Aileen A. Armstrong, N.L.R.B., Washington, D.C., for petitioner.

POSNER, Circuit Judge (in chambers).

On June 14, 1988, the Labor Board issued an order approving a stipulation between the Board's general counsel and Brooke Industries settling unfair labor practices charges that the general counsel had brought against Brooke. The stipulation recited that the parties agreed to the entry by this court of a consent judgment that among other things would prohibit the company from "advancing harsh and vindictive bargaining proposals." The judgment was submitted to me, as motions judge during the week when the motion for entry of the judgment was filed with this court, for my signature. Although the court has never formally delegated to a single judge the power to sign consent judgments, it is the long-standing custom of this court (though I believe of no other) to treat motions for the entry of consent judgments as "one-judge" matters, perhaps by analogy to the power of a single district judge to enter such a judgment. Rule 27(c) of the Federal Rules of Appellate Procedure authorizes a federal court of appeals judge to dispose of any matter that may be presented to the court by motion, so our custom is proper, and it seems a sensible

time-saver in this era of heavy appellate caseloads.

■ I asked the parties to brief the question whether the language I have quoted from the parties' proposed judgment is appropriate for inclusion in a judgment enforceable by contempt sanctions. Under the antiquated procedure governing the enforcement of the Labor Board's orders, these orders are not self-executing. Instead the Board must ask the reviewing court to enter an injunction, which is then enforceable by a contempt proceeding in the court that entered it. See 29 U.S.C. §§ 160(e), (f); *Ardizzoni v. NLRB*, 663 F.2d 130 (D.C.Cir.1980) (per curiam).

■ The parties in their briefs assert, though in purely conclusional fashion, that the language I questioned was appropriate. Indeed, citing *NLRB v. Ochoa Fertilizer Corp.*, 368 U.S. 318, 82 S.Ct. 344, 7 L.Ed.2d 312 (1961), they contend that I have no power to refuse to sign the judgment to which they have agreed, so its appropriateness is irrelevant. *Ochoa*, however, holds only that in deciding whether to enter a consent judgment that has been negotiated between the Labor Board and a respondent charged with unfair labor practices, the court of appeals is not to require the parties to demonstrate factual support for the judgment. See *id.* at 323, 82 S.Ct. at 348. This result is nothing special to labor cases; it is an instance of the broader proposition, discussed recently in *Bash v. Firstmark Standard Life Insurance Co.*, 861 F.2d 159, 162 (7th Cir.1988), that a consent judgment is not a determination of the merits but the avoidance of such a determination.

■ The issue here is different. It is whether a court asked to approve a consent judgment is required to accept and enforce any terms that the parties adopt. The court is not so constrained. If the Board and Brooke had agreed that Brooke would be ordered to break the knees of its director of labor-management relations, or make the director wear a dunce cap, a court would not be required to enforce a judgment embodying that order. That would be a clear case of a consent judgment's affecting the rights of a third party.

Far from being required to rubber stamp such a judgment, a court would be obliged to reject it. Cf. *Derrickson v. City of Danville*, 845 F.2d 715, 717–19 (7th Cir. 1988); *Duran v. Elrod*, 760 F.2d 756, 759 (7th Cir.1985).

■ The concern in the present case is not with a third party as such, but with the integrity and manageability of the judicial process. If I sign the judgment submitted by the parties, and the Board later accuses Brooke of having violated the judgment and asks this court to hold Brooke in contempt, the court will have to interpret the term "harsh and vindictive ... proposal" and decide whether Brooke has violated it. I do not regard the term as sufficiently clear to provide a suitable basis for a contempt sanction. Contempt can be criminal as well as civil, and criminal sanctions for the violation of vague prohibitions are disfavored and can even violate due process. Rule 65(d) of the Federal Rules of Civil Procedure—surely applicable here by analogy—requires that "every order granting an injunction ... shall be specific in terms [and] shall describe in reasonable detail ... the act or acts sought to be restrained." The Supreme Court has said that "the specificity provisions of Rule 65(d) are not mere technical requirements. The Rule was designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *Schmidt v. Lessard*, 414 U.S. 473, 476, 94 S.Ct. 713, 715, 38 L.Ed.2d 661 (1974) (per curiam). As remarked in a case where a court of appeals was asked to punish a party to a consent judgment for contempt, "the prohibitions contained in judgments or orders that may later ground contempt proceedings should ... be as particular as possible so that those bound might know what conduct is forbidden." *NLRB v. Southwestern Bell Tel. Co.*, 730 F.2d 166, 172–73 (5th Cir.1984) (footnote omitted).

Characterizing a proposal advanced in collective bargaining negotiations as "harsh and vindictive" involves a degree of

subjectivity beyond judicial competence. The term is not a legal term of art, has (with the doubtful exceptions of *Pease & Co. v. NLRB,* 666 F.2d 1044, 1051 n. 4 (6th Cir.1981), and *NLRB v. A–1 King Size Sandwiches, Inc.,* 732 F.2d 872 (11th Cir. 1984)) never been judicially interpreted, and has no precise dictionary or other meaning. Compare *McDonnell Douglas Corp. v. NLRB,* 472 F.2d 539, 546 (8th Cir.1973). The parties do not contend otherwise. They are asking too much of this court, and they are incorrect to contend that I have no choice but to rubber stamp their proposal. "When the parties' bargain calls for judicial action ... the benefits of settlement to the parties are not the only desiderata. The ... judge does not automatically approve but must ensure that the agreement is an appropriate commitment of judicial time and complies with legal norms." *In re Memorial Hospital,* 862 F.2d 1299, 1302 (7th Cir.1988). We upheld the district court's rejection of a proposed consent decree on this ground in *Kasper v. Board of Election Commissioners,* 814 F.2d 332 (7th Cir.1987); in effect I am doing the same thing the district judge did in that case.

Because the precise question is a novel one, I have thought it best to explain in a published opinion why the Board's application for enforcement of its order is DENIED. The parties are of course free to submit a suitably reworded order for my approval.