## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## BROOKE INDUSTRIES INCORPORATED, Respondent.

No. 88–2405.

United States Court of Appeals, Seventh Circuit.

Submitted April 3, 1989.

Decided April 26, 1989.

Aileen A. Armstrong, N.L.R.B., Washington, D.C., for petitioner.

John M. Loomis, Beck, Chaet & Loomis, Milwaukee, Wis., for respondent.

POSNER, Circuit Judge (in chambers).

This is Round 2 of an absurd (as it seems to me) dispute between the Labor Board and me. In Round 1, the Board had submitted for my signature a consent judgment, which I refused to sign because it contained a prohibition (against the employer's "advancing harsh and vindictive bargaining proposals") that I considered excessively vague. See *NLRB v. Brooke Industries, Inc.*, 867 F.2d 434 (7th Cir.1989) (Posner, J., in chambers). Having taken the position that I had no power to refuse to sign a consent judgment, no matter what it provided, the Board in its latest submission argues from Rule 27(a) of the Federal Rules of Appellate Procedure that *a single judge* has no power to refuse—on any ground whatsoever—to sign a consent judgment. The argument is passing strange. The Board does not suggest that a single judge lacks the power to sign a consent judgment; on the contrary, the judgment form that it submitted, in this as in all cases where it asks this court to enforce a consent judgment, provides a space for only one judge's signature. The Board's argument is that one judge only lacks the power *not* to sign it. No matter how absurd, repulsive, or even illegal the terms of the consent judgment ("respondent agrees that in the event of a violation of this agreement he will sacrifice his first-born to the Chairman of the NLRB"), the judge to whom the judgment is submitted *must* sign it, thereby making it legally binding.

Alternatively and more plausibly, the Board asks that the court review my action in refusing to sign the judgment. Rule 27(c) provides that "the action of a single judge may be reviewed by the court," i.e., by a three-judge panel. *Pioneer Properties, Inc. v. Martin*, 776 F.2d 888, 890 n. 1 (10th Cir.1985). The only complication is that, in addition to asking for review of my refusal to sign the consent judgment, the Board requests dismissal, without prejudice, of its original application for enforce-

ment. This request appears to be unrelated to my refusal to sign the consent judgment. The ground for the request is that not only is the company in full compliance with the Board's order but the union that brought the unfair labor practice proceeding that eventuated in the order is no longer interested in representing the company's employees.

 Ordinarily, voluntary dismissals of appeals don't require action by even one judge; the parties need only sign and file with the clerk of this court an agreement that the proceeding be dismissed. See Fed. R.App.P. 42(b). The wrinkle here is that the respondent wants the dismissal to be with prejudice. We can attach conditions to a voluntary dismissal—Rule 42(b) expressly so provides—and making the dismissal with prejudice is a common condition. But this requires action by three judges when as here the condition is contested. Hence both the motion to review my refusal to sign the consent judgment and the request for leave to dismiss the petition to enforce the Board's order should go to a three-judge panel. Dismissal of the petition to enforce may of course moot the petition to review, but that is an issue for the panel to sort out. A panel will be duly convened to consider the Board's latest submission and the company's response.