**In re Governor John ASHCROFT and Dick Moore, Petitioners.**

**No. 89–1914.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 12, 1989.

Decided Oct. 18, 1989.

Rehearing Denied Nov. 30, 1989.

Paul LaRose, Jefferson City, Mo., for petitioners.

Jeanene Moenckmeier, St. Louis, Mo., for respondent.

---

**9.** The Court is indebted to present counsel, Mr. Pleban, for his effective and zealous representa- tion of his client.

Before ARNOLD and MAGILL, Circuit Judges, and HENLEY, Senior Circuit Judge.

PER CURIAM.

■ The petition for extraordinary relief is denied. Petitioners complain of various actions of the District Court: allowing plaintiff to reinstate them as defendants on the eve of trial; requiring petitioner Ashcroft to be deposed on a week's notice; and using its authority coercively to force a settlement. We are not persuaded that the high standard required for the granting of an extraordinary writ has been met. See *Mallard v. United States District Court,* —— U.S. ——, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). The District Court clearly acted within its jurisdiction. If it was an abuse of discretion, or otherwise erroneous, to allow plaintiff to amend his complaint, the error can be corrected on appeal, if there is a final judgment adverse to defendants. To the extent that petitioners complain of being forced to trial on extremely short notice, we note in addition that the prejudice, if any, has now been cured, as a practical matter, by our order temporarily staying the proceedings in the District Court, and by the passage of time between the entry of that order and the filing of this opinion. We expect the District Court to give all parties, especially those newly added, a reasonable time to prepare for trial, and to rule on any matters concerning the Governor's being forced to testify only after giving appropriate weight to his position as chief executive officer of a sovereign state.

■ The most serious matter raised by the petition is the charge that the District Court attempted to coerce a settlement, by stating that the Governor would be dismissed as a defendant if he paid $500 in settlement to the plaintiff. The law does not countenance attempts by courts to coerce settlements. *Kothe v. Smith,* 771 F.2d 667 (2d Cir.1985); *Del Rio v. Northern Blower Co.,* 574 F.2d 23 (1st Cir.1978).

Pretrial-conference discussion of settlement is designed to encourage and facilitate settlement as early as possible, but it is not designed to impose settlement upon unwilling litigants. See Fed.R.Civ.P. 16(c)(7), Advisory Committee Note, 1983.

■ We have studied the record carefully. The District Court did try to get the case settled. It also granted plaintiff's motion to reinstate defendants. If the case were settled, obviously the issue of the propriety of this action, as well as all the other issues in the case, would disappear. The linkage between settlement and the Court's ruling on the motion to reinstate, however, is not clear enough, in our view, to justify intervention by an appellate court at this stage of the case. Mandamus and prohibition should issue, generally speaking, only when the right to relief is indisputably clear. We do not believe the present case fits that description. We caution the District Court to avoid the appearance (as well as the reality) of coercion if it should discuss settlement with parties before it in the future.

We observe, in addition, that petitioners Ashcroft and Moore have apparently been sued only in their official capacities. The action against them may well be barred by the Eleventh Amendment. See *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). They have not yet filed an answer, nor does their petition in this Court mention the Eleventh Amendment. If this issue is raised in the District Court, it will be for that Court to rule on it in the first instance.

Petition denied. Our previous order staying proceedings in the District Court is dissolved.[1]

---

1. The motion of respondent Jerry Easton for an injunction was sent to this Court by mistake.

We treat this motion as having been withdrawn.