**BLANKENSHIP AND ASSOCIATES, INC. and Rayford T. Blankenship, Petitioners, Cross–Respondents,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent, Cross–Petitioner.**

Nos. 92–2777, 92–3142.

United States Court of Appeals, Seventh Circuit.

Submitted April 13, 1995.

Decided May 18, 1995.

Peter M. Katsaros, Gessler, Flynn, Fleischmann, Hughes & Socol, Chicago, IL (submitted), Rayford T. Blankenship, Greenwood, IN, Tom G. Jones, Jones, Drury & Hoffman, Franklin, IN, for Blankenship and Associates, Inc. and Rayford T. Blankenship.

Charles P. Donnelly, Jr., N.L.R.B., Contempt Litigation Branch, Aileen A. Armstrong, David A. Fleischer, N.L.R.B., Appellate Court, Enforcement Litigation, Washington, DC, Richard P. Heller, N.L.R.B., Philadelphia, PA, for N.L.R.B.

Before POSNER, Chief Judge, and RONEY and FLAUM, Circuit Judges.*

POSNER, Chief Judge.

Almost two years ago we enforced a remedial order that the Labor Board had entered against Rayford Blankenship, a labor-relations consultant, and his company. *Blankenship & Associates, Inc. v. NLRB*, 999 F.2d 248 (7th Cir.1993). Shortly afterward the Labor Board asked us to find Blankenship in contempt of our order of enforcement, and, as is customary in such cases—because as an appellate court we lack efficient machinery for determining factual issues—we referred the petition to a magistrate judge for a recommendation. The parties to the contempt proceeding, which is to say the Labor Board and Blankenship, have reached a settlement, approved by the magistrate judge (more precisely, recommended by her to us for approval), and ask us to embody it in an order of this court. Last year, in two unpublished opinions, we declined to enter a similar proposed consent order even after it had been revised in an effort to meet our initial objections. *New Berlin Grading Co. v. NLRB*,

* Hon. Paul H. Roney of the Eleventh Circuit.

Nos. 90–1586 *et al.* (7th Cir. Nov. 2, 1993 & April 7, 1994). We decline again today, and as the issue is likely to recur we think it proper to publish this opinion.

Ordinarily when parties to an appeal settle their dispute, they dismiss the appeal without action by us, pursuant to Fed.R.App.P. 42(b). This is true even when the "appeal" is a challenge to the decision of an administrative agency rather than to that of a district court. Fed.R.App.P. 1(a); *NLRB v. Brooke Industries, Inc.*, 873 F.2d 165, 166 (7th Cir.1989) (chambers opinion). Cases coming to us from the Labor Board are special, however. Unlike conventional judicial review of administrative action, in which an agency's order has binding force provided it is not overturned by the reviewing court, an order by the Labor Board does not bind the person or enterprise against which it is entered until it has been enforced by the reviewing court. 29 U.S.C. §§ 160(e), (f); *NLRB v. P\*I\*E Nationwide, Inc.*, 894 F.2d 887, 890 (7th Cir.1990). Even then, it is only the court's order, enforcing the Board's order, that binds. Ordinarily the Board does not seek judicial enforcement unless the respondent challenges the order, but when there is a challenge the Board's practice is to cross-petition the reviewing court for enforcement, as happened here. Once the Board's order is enforced, a violation is sanctionable as contempt—but it is, to repeat, contempt of *our* order, not of the Board's order; the latter has no independent force. That is why the Labor Board asked *us* to find Blankenship in contempt.

■■■■ The Board could have asked us to impose a monetary sanction for Blankenship's (alleged) contempt, but it would have had to prove the contempt. Instead it settled with Blankenship for the entry of a further injunctive-type order by this court. There is nothing improper per se about settling a contempt proceeding by the entry of an order particularizing the prohibitions of the original order or imposing additional obligations or prohibitions on the respondent, although we can find only one Labor Board case before *New Berlin* and the present case where this was ever done. *NLRB v. Parsons Punch Corp.*, 261 F.2d 595 (6th Cir.

1958) (per curiam). But whenever a court is asked, even by both sides to a dispute, to enter an order that, being equitable in character, may require the court to exercise a continuing supervision over compliance with the order or may impose costs on nonparties to the litigation, the judges must not rubber-stamp the proposed consent order but must review it carefully to make sure that it does not create undue or inequitable burdens. E.g., *Kasper v. Board of Election Commissioners*, 814 F.2d 332, 340 (7th Cir.1987). We have made this point with specific reference to judicial orders enforcing orders by the Labor Board. *NLRB v. P\*I\*E Nationwide, Inc.*, supra, 894 F.2d at 893; *NLRB v. Brooke Industries, Inc.*, 867 F.2d 434 (7th Cir.1989) (chambers opinion).

■■■■ Most of the provisions in the proposed consent order are unobjectionable. They restate the original order that we enforced and require certain additional notices to employees. But in the last paragraph we are asked to "impose ... a prospective non-compliance fine of $5,000 against each of the Respondents for each and every future violation of the Court's judgment and this Consent Contempt Order, and [to] impose ... a prospective fine of $1,000 for each violation against every officer, agent or attorney of the Respondents who, in active concert and participation with the Respondents and with notice and knowledge of the Court's Order, impedes compliance with or violates the Court's judgment or this Order." This order strikes us as bizarre in several respects, of which the least is the vagueness of "impedes compliance with." Worst is the attempt to fix a uniform fine, in advance, for *any* violation of the remedial order, without regard for the circumstances of the violation (for example, whether it is major or minor, whether it is isolated or continuing, and whether it is the first or a subsequent violation), let alone for the likely continued erosion of the value of the dollar by inflation. A deliberate flouting of the entire order by a compulsive recidivist is to be punished with exactly the same severity as an unintentional technical violation of a trivial provision. We will not be a party to such an outlandishly inflexible scheme of punishment for the violation of our

orders—for remember that it is *our* order for the violation of which the fine is to be imposed.

The inflexibility would be mitigated if the "prospective compliance fine" were a fine for each day of a continuing violation, for then there would be differentiation between less and more serious violations. The order makes no such distinction, not explicitly at any rate. Either the order is as inflexible as we think it is or it is even vaguer than we think it is.

■ We do not hold that prospective noncompliance fines are never permissible. A related device—a civil fine for contempt that is forgiven if the contempt is purged—is a standard remedy in civil contempt. *International Union v. Bagwell*, —— U.S. ——, ——, 114 S.Ct. 2552, 2558, 129 L.Ed.2d 642 (1994). In effect, by ceasing his allegedly contemptuous activities, Blankenship can avoid the fines that the consent decree imposes on him. Especially when stated as a range rather than a point, prospective noncompliance fines serve a function akin to the statutory announcement of minimum and maximum criminal punishments. A number of cases impose prospective noncompliance fines, though most of the cases are unpublished; for the rare, published exception, see *NLRB v. Montfort, Inc.*, 29 F.3d 525, 528–29 (10th Cir.1994); cf. *NLRB v. Construction & General Laborers' Union Local*, 887 F.2d 868, 873 (8th Cir.1989). In all the cases, though, there was a determination that the respondent was in contempt, so the analogy to a civil contempt fine forgiven if the contempt is purged held. There was no determination of contempt in this case, so that the only function served by fixing a prospective fine is notice, and is outweighed by the arbitrariness of the device in the circumstances.

The parties are invited to submit a proper consent order to the magistrate judge for her recommendation to us.