In the
United States Court of Appeals
For the Seventh Circuit

No. 01-1370

Goss Graphics Systems, Inc., formerly
known as Rockwell Graphic Systems, Inc.,

Plaintiff-Petitioner-Appellant,

v.

DEV Industries, Inc., et al.,

Defendants-Appellees,

and

Tensor Group, Inc.,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 84 C 6746--Charles R. Norgle, Sr., Judge.

Argued September 10, 2001--Decided September 27, 2001


   Before Posner, Kanne, and Evans, Circuit
Judges.

   Posner, Circuit Judge.  A predecessor of
the plaintiff brought this suit against
DEV Industries and others in 1984,
charging theft of trade secrets related
to the design of printing presses. A
permanent injunction was entered in the
plaintiff's favor after 10 years of
litigation. DEV went out of business and
promptly reappeared, the plaintiff
argues, as Tensor Group. The plaintiff
asked the district court to hold Tensor
in contempt of the injunction and provide
appropriate relief. After various
proceedings unnecessary to recount here
(see Rockwell Graphic Systems, Inc. v.
DEV Industries, Inc., 925 F.2d 174 (7th
Cir. 1991), and 91 F.3d 914, 915 (7th
Cir. 1996)), the district court, on July
13, 1999, advised by the parties that a
settlement was likely, dismissed the case
with leave to reinstate it within six
months. The case did not settle, and on
January 11, 2000, shortly before the
expiration of the six-month deadline for
reinstatement, the plaintiff filed a

motion in the district court to reinstate it. The district court's rules require that such a motion be accompanied by a notice of presentment to the judge who is to handle the motion, so that he is made aware of it. N.D. Ill. R. 5.3(b); see Lorentzen v. Anderson Pest Control, 64 F.3d 327, 331 (7th Cir. 1995); Wilson v. Chicago Housing Authority, No. 99 C 2380, 1999 WL 988812 (N.D. Ill. Oct. 22, 1999). However, the judge who had been handling the case (and had dismissed it) was no longer a district court judge and, as of January 11, no other judge had yet been assigned to the case. Not until January 21 did the plaintiff learn the identity of the judge who had been assigned to the case and it forthwith noticed the motion for a hearing before the new judge on January 28, the earliest available date. At that hearing, rather than ruling on the motion the judge directed the parties to continue to try to settle the case. On August 11, settlement efforts having again failed, the judge on his own initiative denied the plaintiff's motion to reinstate. He deemed it untimely because the notice of presentment had been filed after the expiration of the six-month deadline. He expressed dismay at the parties' having strung along the litigation for 16 years.

The first district judge should not have dismissed the case merely because she thought it likely to settle. The right time to dismiss a case is when the dispute between the parties has been definitively and finally resolved, not when it seems likely to be resolved. There was a chance the case would not settle, and indeed it did not, thus requiring the plaintiff to come back to court and precipitating the dispute that brings the case back before us for the third time. We have repeatedly criticized the practice of dismissing suits before they have been concluded, with leave to reinstate the suit. Otis v. City of Chicago, 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc); King v. Walters, 190 F.3d 784, 786 (7th Cir. 1999) ("we have frowned on this practice, unless it is clear that nothing else will accomplish the desired goal, because it can be confusing, or worse, prejudicial to the rights of the parties. . . . In this case, it appears to have been driven by the pressure to improve docket statistics, which is not the kind of

valid reason that Otis contemplated"); Ford v. Neese, 119 F.3d 560, 562 (7th Cir. 1997) ("it would be helpful to all concerned if when judges retained jurisdiction of a case they said so rather than using the Aesopian 'dismissed with leave to reinstate' formula, which they do presumably so that the case will not be carried on their docket where it might mar the judge's statistical showing of prompt disposition of the cases assigned to him"); see also JTC Petroleum Co. v. Piasa Motor Fuels, Inc., 190 F.3d 775, 776 (7th Cir. 1999). The confusion to which the practice gives rise is illustrated not only by this case but also by Baltimore & Ohio Chicago Terminal R.R. v. Wisconsin Central Ltd., 154 F.3d 404, 407-08 (7th Cir. 1998) ("once again we urge district judges to eschew dismissals with leave to reinstate," id. at 408); Adams v. Lever Bros. Co., 874 F.2d 393, 395-96 (7th Cir. 1989), and In re Ohio River Co., 754 F.2d 236 (7th Cir. 1985) (per curiam).

The second judge's action in denying the motion to reinstate Goss's contempt case, an action for which the judge was "set up" by the first judge's action in dismissing the case with leave to reinstate, was an abuse of discretion on three grounds. First, there was no violation of local rules. Second, even if there had been, the sanction of refusing to reinstate, amounting to a dismissal of a probably meritorious case, was disproportionate to the wrong. Third, a refusal to settle a case is not a valid ground for dismissing it--there is no legal duty to settle litigation.

The district court's presentment rule requires that motions in a case be presented to the judge presiding over the case so that he'll know the motion has been filed and can dispose of it expeditiously. When there is no judge assigned to the case, however, there is no one to present a motion to, and in that situation presentment would serve no earthly purpose. Tensor makes the absurd argument that in such a case the motion has to be presented to the emergency judge of the district court, that is, the district judge designated to hear emergency motions. There was no emergency here, however. The plaintiff was not seeking immediate action on its motion to reinstate the case; all the parties were

content to wait a few days until a judge was appointed to preside over it. As there was no judge to whom the motion should have been presented, there could have been no violation of the rule. Cessante ratione legis, cessat et ipsa lex.

But had there, contrary to our belief, been a violation, refusal to reinstate this multimillion dollar suit would have been a disproportionate sanction. Sanctions, as we and other courts have repeatedly emphasized, are to be proportioned to the severity of the wrong being punished. E.g., Long v. Steepro, 213 F.3d 983, 986 (7th Cir. 2000); United States v. Stefonek, 179 F.3d 1030, 1035 (7th Cir. 1999); Blankenship & Associates, Inc. v. NLRB, 54 F.3d 447, 449-50 (7th Cir. 1995); Philips Medical Systems International B.V. v. Bruetman, 8 F.3d 600, 602-03 (7th Cir. 1994); Lorenzen v. Employees Retirement Plan of the Sperry & Hutchinson Co., 896 F.2d 228, 232-33 (7th Cir. 1990); Zambrano v. City of Tustin, 885 F.2d 1473, 1480 (9th Cir. 1989); Johnson v. Boyd-Richardson Co., 650 F.2d 147, 150 (8th Cir. 1981). In fact, "proportionality is the cornerstone of a rational system of sanctions." Rush-Presbyterian-St. Luke's Medical Center v. Hellenic Republic, 980 F.2d 449, 455 (7th Cir. 1992). (There is an irrelevant exception for cases in which the wrong is concealable--that is the rationale for treble damages. Perez v. Z Frank Oldsmobile, Inc., 223 F.3d 617, 621 (7th Cir. 2000). It is inapplicable here.) If there was a violation of the local rule in this case (but there wasn't), it was technical and completely harmless--so technical, so harmless, that the appropriate sanction would have been no sanction at all, and certainly not the extinction of a meritorious-seeming suit. See Central States, Southeast & Southwest Areas Pension Fund v. Slotky, 956 F.2d 1369, 1376 (7th Cir. 1992); cf. Tuf Racing Products, Inc. v. American Suzuki Motor Corp., 223 F.3d 585, 590 (7th Cir. 2000). No one was hurt by Goss's failure to present its motion to a judge when no judge had been appointed to rule on the motion. Promptly upon receiving notice that a new judge had been appointed, Goss notified him of the motion.

And last, the district judge's annoyance

at the parties' failure to settle was not a valid ground for killing the plaintiff's suit. Federal courts do have authority to require parties to engage in settlement negotiations, Fed. R. Civ. P. 16(c); Fed. R. App. P. 33; G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 652-53 (7th Cir. 1989) (en banc); In re LaMarre, 494 F.2d 753, 755-56 (6th Cir. 1974), but they have no authority to force a settlement. E.g., G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., supra, 871 F.2d at 653; United States v. LaCroix, 166 F.3d 921, 922-23 (7th Cir. 1999); In re LaMarre, supra, 494 F.2d at 756 (6th Cir. 1974); Newton v. A.C. & S., Inc., 918 F.2d 1121, 1128 (3d Cir. 1990); Kothe v. Smith, 771 F.2d 667, 669 (2d Cir. 1985). "The law does not countenance attempts by courts to coerce settlements." In re Ashcroft, 888 F.2d 546, 547 (8th Cir. 1989) (per curiam). If parties want to duke it out, that's their privilege. Maybe the plaintiff was less forthcoming in settlement negotiations than it should in some abstract sense have been, but that was its right. It did not disobey any order of the district court relating to the settlement process.

The judgment denying the motion to reinstate is reversed with instructions to grant it. We direct that the case be reassigned to another judge. 7th Cir. R. 36.

Reversed.