In the

 United States Court of Appeals
 For the Seventh Circuit
 ____________________
No. 21-2413
NATIONAL LABOR RELATIONS BOARD,
 Petitioner,
 v.

HAVEN SALON + SPA, INC.,
 Respondent.
 ____________________

On Application for Summary Entry of a Judgment Enforcing an Order of
 the National Labor Relations Board.
 Agency Case Nos. 18-CA-266091 & 18-CA-267818
 ____________________

 SUBMITTED FEBRUARY 9, 2023 — DECIDED FEBRUARY 27, 2023
 ____________________

 Before EASTERBROOK, HAMILTON, and SCUDDER, Circuit
Judges.
 SCUDDER, Circuit Judge. Parties ignore court orders at their
peril. This is true in civil and criminal litigation, and this opin-
ion reinforces that the point applies with full force to orders
of the National Labor Relations Board. Haven Salon + Spa’s
refusal to comply fully with a Board order entered in response
to the company’s wrongful termination of an employee—as
well as its disregard of two orders entered by our court—
2 No. 21-2413

leads us to hold Haven in contempt and to increase the costs
of the firm’s persistent noncompliance.
 I

 In May 2020 Katherine Rehm worried that Haven was not
doing enough to protect her and other employees from
COVID. Over the next few months, she discussed her con-
cerns with Timothy Dillett, Haven’s Director of Operations
and co-owner. Dillett did not react well to Rehm’s sugges-
tions. Tensions further mounted after Rehm sent a staff-wide
email criticizing Dillett’s handling of COVID health risks. Dil-
lett responded by firing her. And when Dillett heard that
Rehm had complained to the Board about her termination, he
threatened legal action against her and her family.
 At that point the Board got involved. After a hearing, an
administrative law judge found that Haven had unlawfully
terminated and threatened Rehm in violation of the National
Labor Relations Act. See 29 U.S.C. § 158(a)(1). The ALJ recom-
mended that the Board order Haven to compensate Rehm for
lost pay and other expenses, offer to rehire her, notify her that
it had removed references to her unlawful termination from
her employee file, post notices of employee rights in its store
locations, and file a sworn certification with the Board attest-
ing to its compliance, among other steps.
 The Board notified Haven that it would automatically
adopt the ALJ’s recommendations unless the firm challenged
the proposed order. See 29 U.S.C. § 160(c); 29 C.F.R. §§ 102.46,
102.48. Haven never did. Because the Board’s orders are not
self-executing, the Board came to our court requesting that we
summarily enforce its order. See 29 U.S.C. § 160(e). We
granted the Board’s application in September 2021.
No. 21-2413 3

 But Haven still failed to satisfy three of the Board’s re-
quirements. It did not notify Rehm that it had removed all
references to her termination from its files. It did not post a
notice of employee rights at its store locations. And it did not
file a sworn certification with the Board attesting to its com-
pliance.
 So the Board returned to us in December 2022, this time
asking that we hold Haven in contempt. We directed the com-
pany to respond to the Board’s petition. Haven did nothing.
From there we ordered Haven to show cause for why the
Board’s petition should not be granted. Haven disregarded
that order too.
 We then took the extra step of asking the Board to confirm
that Mr. Dillett or another representative of Haven had re-
ceived copies of the pertinent orders. The Board responded
with a detailed account of the measures it has taken to ensure
Mr. Dillett received the orders. All indications are that Mr.
Dillett is intentionally ignoring the Board and now our court.
 II

 Once we enforce a Board order, “violations of it expose the
violator to proceedings for contempt.” NLRB v. P*I*E Nation-
wide, Inc., 894 F.2d 887, 890 (7th Cir. 1990). Contempt is war-
ranted if the Board establishes by clear and convincing evi-
dence that (1) a court order set forth an unambiguous com-
mand; (2) Haven violated that command; (3) the violation was
significant, which means that Haven did not substantially
comply with the order; and (4) Haven failed to make a rea-
sonable and diligent effort to comply. See Ohr ex rel. NLRB v.
Latino Express, Inc., 776 F.3d 469, 474 (7th Cir. 2015).
4 No. 21-2413

 Haven’s conduct meets these criteria. On two prior occa-
sions, we ordered Haven to respond to the Board’s petition
for contempt. Haven has not complied. Indeed, we have not
heard a word from Haven. And the Board’s most recent sub-
mission indicates that Haven’s strategy is to hope everything
somehow goes away by ignoring the Board and court. This
cannot stand.
 We therefore hold Haven in contempt. To eliminate the
contempt, Haven must:
 1. Fully comply with our judgment enforcing the
 Board’s order;

 2. Upon posting the notices required by the Board’s or-
 der, provide the Board’s regional director within
 seven days from the date of this opinion with a signed
 copy of the posted notices, information about where
 the notices are posted, and access to the notices to ver-
 ify Haven’s compliance;

 3. Pay the Board all reasonable costs and expenses, in-
 cluding attorneys’ fees; and

 4. File a sworn statement with the clerk of this court
 within seven days from the date of this opinion, at-
 testing to the steps that Haven has taken to comply
 and the precise dates on which it took these steps.

 We also order Haven to pay a fine of $1,000, as well as a
fine of $150 per day for every day of the next week that Haven
fails to comply. The daily fines will commence on February
28, 2023. The daily fine will then increase by $100 each day
that Haven fails to comply beyond the next week. This means
No. 21-2413 5

that on March 7, 2023, the $150 fine will become a $250 fine,
and on March 8, 2023, the $250 fine will become a $350 fine,
and so on.
 We will forgive the fines only if Haven files a sworn state-
ment within seven days of this opinion demonstrating full
compliance with the Board’s order and our requirements. See
Blankenship & Assocs., Inc. v. NLRB, 54 F.3d 447, 450 (7th Cir.
1995) (citing International Union, United Mine Workers v. Bag-
well, 512 U.S. 821, 827, 828–29 (1994)) (noting that “a civil fine
for contempt that is forgiven if the contempt is purged [] is a
standard remedy in civil contempt”).
 We direct the Clerk of Court to send this opinion by certi-
fied U.S. mail and email to all known addresses of Haven and
Timothy Dillett. We also direct the Board to provide an ac-
counting of its costs and its attorneys’ fees within seven days
of this opinion. Should Haven continue to disregard this
court’s orders, the Board may seek additional remedies, as ap-
propriate. It is so ORDERED.