Carmelo **VIERA–MARCANO**, Plaintiff,

v.

Edwin J. **RAMIREZ–SANCHEZ**, et al., Defendants.

**Civil No. 01–1278 (JAG).**

United States District Court, D. Puerto Rico.

Sept. 10, 2002.

Pedro F. Soler–Muniz, Jose R. Ortiz–Velez, Guaynabo, PR, for Plaintiff.

Luz Minerva Ramos–Guevara, Gloria Robison–Guarch, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

On March 8, 2001, plaintiff Carmelo Viera–Marcano ("Viera–Marcano") filed this complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Fourth, Fifth, Sixth, and Eighth Amendments against Police Officer Edwin J. Ramírez–Sánchez ("Ramírez–Sánchez"), Sergeant Víctor Maldonado–Pérez ("Maldonado–Pérez"), Police Commander Víctor Santiago of the Villalba Police Station ("Santiago"), and Superintendent of the Puerto Rico Police Department Pedro Toledo ("Toledo") (collectively "defendants") (Docket No. 1). On February 19, 2002, defendants moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) (Docket No. 23). On March 14, 2002, the Court referred the motion to Magistrate–Judge Justo Arenas for a Report and Recommendation (Docket No. 28). On March 27, 2002, Viera–Marcano moved to strike defendants' affirmative defenses pursuant to Fed.R.Civ.P. 12(f); the Court referred that motion to Magistrate–Judge Arenas. On July 31, 2002, Magistrate–Judge Arenas issued a Report and Recommendation recommending (1) that the Court deny Viera–Marcano's motion;[2] and (2) that it

grant defendants' motion as to Toledo and Santiago and that it partially deny the motion as to Maldonado–Pérez and Ramírez–Sánchez with respect to their Fourth Amendment claims (Docket No. 31). On August 14, 2002, Viera–Marcano timely objected to the Report and Recommendation (Docket No. 33). For the reasons discussed below, the Court adopts the Magistrate–Judge's Report and Recommendation.

## FACTUAL BACKGROUND[3]

On March 19, 2000, at approximately 1:30 a.m., Viera–Marcano was standing in front of Colmado Vista Hermosa on road 149 in Villalba, meeting with friends after his two-hour commute from Hato Rey, where he works as a post office employee. Police officers Ramírez–Sánchez and Maldonado–Pérez ("the officers") arrived at the location in their police cruiser and exited the vehicle while yelling at Viera–Marcano and his friends, using profane language in the presence of women and children. They ordered Viera–Marcano in a hostile manner to move his car, even though it was not illegally parked. Viera–Marcano complied.

Viera–Marcano proceeded to ask the officers not to curse in front of the women and children. The officers threw him against the police cruiser, handcuffed him,[4] and told him not to challenge the law. Viera–Marcano suffered a Boxer fracture in his right hand, which affected primarily

---

1. Alejandro J. Cepeda–Díaz, a third year student at the University of Puerto Rico School of Law, assisted in the research and preparation of this opinion.

2. Viera–Marcano did not object to, and indeed agreed with, the Magistrate–Judge's recommendation dismissing his Eighth Amendment claim. Therefore, the Court adopts the Magistrate–Judge's recommendation on that

score. *See Templeman v. Chris Craft Corp.,* 770 F.2d 245, 248 (1st Cir.1985).

3. The Court culls the relevant facts from Magistrate–Judge Arenas's Report and Recommendation (Docket No. 31).

4. It is unclear exactly when Viera–Marcano was actually handcuffed.

his finger and knuckle area. Viera–Marcano was then taken to the Villalba police station. Viera–Marcano was not read his *Miranda* rights nor informed of the charges against him. When Viera–Marcano asked the officers what his rights were, the officers told him, "None, I'm the law here." Viera–Marcano was placed in a cell, still handcuffed. The officers actually tightened the handcuffs in spite of their knowledge of the injury to Viera–Marcano's hand, which caused him great pain and swelling in his hand.

The officers then transferred Viera–Marcano to the Ponce precinct, where other officers harassed and intimidated him, in order to administer a blood-alcohol test. Upon returning from Ponce, the officers took Viera–Marcano to the Villalba Diagnostic and Treatment Center ("DTC"). The doctor who examined Viera–Marcano requested that the officers take him to a Ponce hospital, since he needed an x-ray for his hand and the DTC did not have an x-ray machine. The officers did not follow the doctor's orders, and instead returned Viera–Marcano to the Villalba police station. The officers denied Viera–Marcano's requests for a glass of water during his detention, in spite of his numerous requests. They finally released him at 11:15 a.m., almost twelve hours after the incident. Viera–Marcano never learned what were the charges against him.

Subsequently, Viera–Marcano learned that the officers charged him with misdemeanor traffic charges; the charges against him, however, were dropped in a preliminary hearing held on March 24, 2000.

## DISCUSSION

A. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

A District Court may, on its own motion, refer a pending motion to a U.S. Magistrate–Judge for a Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Local Rule 503. Pursuant to Fed.R.Civ.P. 72(b) and Local Rule 510.2, the adversely affected party may contest the Magistrate–Judge's Report and Recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. *See* 28 U.S.C. § 636(b)(1). Since Viera–Marcano has filed timely objections to the Magistrate–Judge's Report and Recommendation, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980); *Lopez v. Chater*, 8 F.Supp.2d 152, 154 (D.P.R.1998).

B. *Motion for Judgment on the Pleadings Standard*

The standard for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) is analogous to that of a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). *See Fotos v. Internet Commerce Express, Inc.*, 154 F.Supp.2d 212, 213 (D.N.H.2001); *Cooper v. Thomson Newspapers, Inc.*, 6 F.Supp.2d 109, 112 (D.N.H.1998). Under Fed. R.Civ.P. 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy, and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir. 1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the

like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiff is responsible for putting his best foot forward in an effort to present a legal theory that will support his claim. *Id.,* at 23 (*citing Correa–Martinez,* 903 F.2d at 52). Plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

### C. Objections to the Magistrate–Judge's Report and Recommendation

#### 1. Qualified Immunity

Viera–Marcano objects to the Magistrate–Judge's recommendation that all claims against Toledo and Santiago should be dismissed because the qualified immunity doctrine shields them from liability. He relies on *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980), to contend that, since qualified immunity is an affirmative defense, the defendant must generally plead good faith, and on *Hamilton v. Endell,* 981 F.2d 1062 (9th Cir.1992), to state that qualified immunity must be proven. His argument lacks merit.

In *Gomez,* the Supreme Court dealt with due process violations by a police officer fired by a superintendent. The police officer sued the superintendent for his own actions, and not under a theory of supervisory liability, as here. In *Hamilton,* a prisoner sued prison officials, again, for their own actions with regards to decisions over his medical treatment. Nowhere in those two cases do the courts deal with the issue of supervisory liability. Therefore, although *Gomez* and *Hamilton* may be applicable as to the officers, they are inapplicable as to Toledo and Santiago.

█ It is well settled that a state official may be held liable under § 1983 in either his official or personal capacity for the behavior of his subordinates if **both** (1) the behavior of the subordinates results in a constitutional violation, and (2) the official's action was affirmatively linked to that behavior such that it could be characterized as "supervisory encouragement, condonation, or acquiescence" or "gross negligence amounting to deliberate indifference."

*Rodriguez–Oquendo v. Toledo–Davila,* 39 F.Supp.2d 127, 134 (D.P.R.1999) (*quoting City of Oklahoma v. Tuttle,* 471 U.S. 808, 823, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)) (emphasis added). As the Magistrate–Judge found, Viera–Marcano has failed to demonstrate, or even hint, that Toledo and Santiago were involved, either directly on indirectly, in the facts leading to this action. Therefore, he has failed to meet the second prong of the test. Accordingly, his claims against Toledo and Santiago must be dismissed.

█ Moreover, Viera–Marcano seeks dismissal without prejudice of his claims against Toledo and Santiago so that he may re-allege against them should new information arise. He maintains that these defendants had produced no documents, and that discovery remained unfinished, when he filed his objections. The Court denies his request and dismisses the claims against Toledo and Santiago *with* prejudice because he has failed to present a legal theory in support of his claim sufficient to survive a motion for judgment on the pleadings.

#### 2. Fifth Amendment Claims

The Magistrate–Judge recommended dismissal of Viera–Marcano's due process

claim under the Fifth Amendment because the facts of this case arise in the context of a seizure and must be analyzed in light of the Fourth Amendment's prohibition against unreasonable searches and seizures. Viera–Marcano objects, arguing that the officers clearly violated his Fifth Amendment right to be free from police brutality after they detained him. He claims that the denial of proper medical care, as well as the inhumane manner in which the officers treated him constitute a violation of his due process rights. Viera–Marcano's argument, however, is unavailing.

■ In *County of Sacramento v. Lewis,* 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), the Supreme Court reiterated that in order to offend due process, the official's conduct must be so "that [it] shocks the conscience and violates the decencies of civilized conduct." *Id.* at 846, 118 S.Ct. 1708 (*citing Rochin v. California,* 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183 (1952)) (internal quotations omitted). The officers' conduct in this case does not rise to the level of conduct envisioned by the Supreme Court in *Rochin.* Since Viera–Marcano has failed to state a valid Fifth Amendment claim, it must be dismissed.

### 3. Sixth Amendment Claims

Viera–Marcano claims that he was never informed of the charges against him neither during nor following his arrest. The Magistrate–Judge recommended dismissal of Viera–Marcano's Sixth Amendment claim since it became moot following dismissal of the misdemeanor charges.

Viera–Marcano objects, claiming that he was arrested for no real motive and that the arrest was unwarranted. He further argues that the issue is in controversy and should be left for a jury to decide. The Court disagrees.

■ As the Magistrate–Judge found, the Sixth Amendment only attaches after judicial proceedings have begun against the accused inasmuch as it "governs the interactions between the government and the accused once the adversarial process has begun in a particular case." *U.S. v. Bender,* 221 F.3d 265, 270 (1st Cir.2000); *see also* U.S. Const.Amend. VI. Furthermore, it is not the Sixth Amendment, but rather the Fifth which imposes a duty on the officer to give the accused notice of the charges against him at the time of the arrest. *See Miranda v. Arizona,* 384 U.S. 436, 467, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Therefore, because the charges against Viera–Marcano were dismissed and he is not facing any criminal proceedings, he has failed to state a valid claim under the Sixth Amendment. The claim must be dismissed.

### 4. Section 1983 Claims

As a last objection, Viera–Marcano once again argues that a qualified immunity defense is not applicable since similar cases have decided that the officers were not entitled to it. He asserts that he has clearly alleged that defendants, acting under color of law, violated his constitutionally protected rights and has, therefore, sufficiently alleged a cause of action under § 1983. Because these arguments support the claims still pending against the officers, the Court declines to address them.

### CONCLUSION

For the foregoing reasons, the Court adopts the Magistrate–Judge's Report and Recommendation and GRANTS Defendants' motion for judgment on the pleadings in its entirety as to defendants Toledo and Santiago and DENIES it with respect to Viera–Marcano's Fourth Amendment claims against Ramírez–Sánchez and Mal-

donado–Pérez. Viera–Marcano's claims under the Fifth and Sixth Amendments are also DISMISSED. The Court DE-NIES Viera–Marcano's motion to strike defendants' affirmative defenses. Partial judgment will enter accordingly.

IT IS SO ORDERED.