# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-1003

BHUPENDRA SHAH,

*Plaintiff-Appellant,*

v.

INTER-CONTINENTAL HOTEL CHICAGO OPERATING CORP.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 01 C 6015—**Ruben Castillo,** *Judge.*

ARGUED JULY 9, 2002—DECIDED DECEMBER 23, 2002

Before POSNER, RIPPLE, and WILLIAMS, *Circuit Judges.*

POSNER, *Circuit Judge.* The district judge dismissed Shah's suit for failure to state a claim, precipitating this appeal, which presents a number of procedural issues. According to the allegations of the complaint, stripped of extraneous detail, the plaintiff and a partner had leased space from the defendant for the operation of two gift shops in hotels owned by the defendant in Chicago. The defendant decided to merge the two hotels, which were next door to each other at 505 and 535 North Michigan Avenue in Chicago, and convert the two gift shops into a single, larger gift shop to serve the merged facility. Under the

lease, which continued despite the merger, the lessee was required to pay for the renovation necessary to create the new store. When the lease (which had been renewed once) expired, the plaintiff (who had broken with his partner and become the sole lessee) informed the defendant that he wanted to renew it. The defendant did not respond, and instead "contracted with Caucasian individuals, who had no prior relationship with Defendant and who had no knowledge of the store's functions . . . . Defendant's decision to select less qualified and knowledgeable Caucasian individuals to lease it's [sic] business premises when other non-Caucasian individuals [viz. the plaintiff] were available with more qualifications is clearly discriminatory when based on race and national origin" and "is in violation of Illinois Public Policy," which "dictates that such corporate decisions as the one set forth and described in this complaint should not be based solely on race or national origin." As a detail we note that the reference to racial discrimination is inaccurate, since Shah is an Indian (from India—not an American Indian) and Indians are Caucasians. But we take the complaint to be alleging that his national origin is different from that of the Caucasians to whom the space he had renovated was let.

The complaint was originally filed in an Illinois state court, and was removed to federal district court by the defendant on the basis of diversity of citizenship. Four days later the district judge dismissed the complaint on his own initiative without a statement of reasons except to remark that the dismissal was "without prejudice to the filing of any appropriate amended federal complaint." Shah's lawyer took this to mean that he should recaption the complaint to indicate that his suit was now in federal court and to include federal jurisdictional allegations to help the court satisfy itself that the case was indeed re-

movable. This was a curious reaction, since it is the defendant's burden to establish that a case is removable to federal court, *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 999 (7th Cir. 2000), and Shah, the plaintiff, presumably wanted to remain in state court, having filed his suit there. But anyway he did what he thought the judge wanted him to do and filed his amended complaint. The defendant moved to dismiss it for failure to state a claim, arguing that a complaint must include "allegations concerning all material elements" of the "cause of action" and that Shah had failed to "plead sufficient facts" to provide a basis for concluding that the defendant had engaged in discrimination and had failed to cite any statutory authority or to indicate the "type" of discrimination charged. The defendant noticed its motion for the district judge's September 25, 2001, call. Rule 5.3(b) of the U.S. District Court for the Northern District of Illinois requires all motions to be accompanied by a "notice of presentment" indicating the date and time at which and the judge to whom the motion will be presented in open court; this is to assure that motions are brought to the judge's attention for decision promptly and don't get lost in the flood of papers that get filed in district courts. *Goss Graphics Systems, Inc. v. DEV Industries, Inc.*, 267 F.3d 624, 627 (7th Cir. 2001). Rule 78.2 authorizes the district court to deny a motion that does not comply with Rule 5.3(b).

Shah's lawyer told the defendant's lawyer he wouldn't be able to attend the September 25 motion call and asked the lawyer to ask the judge to set a briefing schedule for the 12(b)(6) motion. When the motion was called on September 25, the defendant's lawyer duly relayed the request for a briefing schedule. The judge responded by ordering the complaint dismissed, though without prejudice. He gave no reason for the dismissal, or for making

it without prejudice, saying only that the plaintiff had "until October 17, 2001 to file a motion for reconsideration with case authority" and that failure to do so would result in the dismissal's becoming a dismissal with prejudice. On October 17 the plaintiff's lawyer filed a motion for reconsideration in which he stated that discrimination in a real estate transaction violates the Illinois Human Rights Act. 775 ILCS 5/3-102. But he failed to file the required notice of presentment, though he had been warned by the defendant's lawyer that failure to file such a notice was a ground under Rule 78.2 for "striking" (actually for denying, but that is what he meant) the motion. The defendant moved to "strike" the motion for reconsideration on that ground, and the district court granted the motion.

The order granting the motion to strike was docketed on November 29 and the notice of appeal was filed on December 28. The defendant argues that the appeal, insofar as it seeks to challenge the dismissal of the suit back in September rather than just the denial of the motion for reconsideration, is untimely because the notice of appeal was filed more than 30 days after the dismissal was docketed (which was on September 26). But an order dismissing a suit without prejudice is not a final, appealable order unless it is apparent that the district court has finished with the case. *Strong v. David*, 297 F.3d 646, 648 (7th Cir. 2002); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 819 (7th Cir. 2001); *Hunt v. Hopkins*, 266 F.3d 934, 936 (8th Cir. 2001); see also *Smart v. International Brotherhood of Electrical Workers, Local No. 702*, No. 02-1102, 2002 WL 31545466, at *3 (7th Cir. Nov. 15, 2002). Here on the contrary it was apparent that the judge had dismissed the suit without prejudice because he thought the plaintiff might persuade him to rescind the grant of the defendant's motion to dismiss. That possibility vanished only when the

judge struck the motion to reconsider, at which point the dismissal ripened into a final judgment pursuant to his order of September 26. In effect, then, the docketing of the order to strike was the docketing of the final judgment and started the 30-day period for filing a notice of appeal running, and the appeal from the final judgment brings up to the appellate court all interlocutory rulings that the appellant cares to challenge that are not moot. *Weiss v. Cooley*, 230 F.3d 1027, 1031 (7th Cir. 2000); *Greer v. St. Louis Regional Medical Center*, 258 F.3d 843, 846 (8th Cir. 2001). Yet as this case and many other cases show, "springing" judgments (judgments that become final automatically upon the occurrence of some condition specified in an earlier order) should be avoided because they are a potent source of confusion concerning the timeliness of appeals. *Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir. 1994) (en banc); *Baltimore & Ohio Chicago Terminal R.R. v. Wisconsin Central Ltd.*, 154 F.3d 404, 408 (7th Cir. 1998); *Adams v. Lever Bros. Co.*, 874 F.2d 393, 396 (7th Cir. 1989).

The striking of the motion for reconsideration was a harsh sanction, possibly unreasonably so, see *Goss Graphics Systems, Inc. v. DEV Industries, Inc., supra*, 267 F.3d at 627; cf. *Davis v. Ruby Foods, Inc., supra*, 269 F.3d at 821, as no harm was done anybody by the failure to file a notice of presentment. The judge's action was also precipitate; he granted the motion to strike without giving the plaintiff an opportunity to respond and argue for lenity. *Id.* at 821. But the issue is academic, since the motion to reconsider was a clear nonstarter. The Illinois Human Rights Act, the ground for the motion, is enforceable only in administrative proceedings and not by an original suit in court, whether state or federal. *Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001); *Village of Maywood Board of Fire &*

*Police Comm'rs  v. Department of Human Rights*, 695 N.E.2d 873, 881 (Ill. App. 1998).

The most important question presented by the appeal is whether the complaint stated a claim. The fact that the judge dismissed the amended complaint on the basis of the defendant's 12(b)(6) motion that erroneously argued that a complaint governed by the federal civil rules must plead facts and offer statutory or other legal authority suggests that the judge too may misconceive the pleading requirements under these rules. And by failing to explain the grounds for his action he violated 7th Cir. R. 50, which requires a district judge to "give his or her reasons" for resolving a claim on the merits or terminating a suit. *Members v. Paige*, 140 F.3d 699, 701 (7th Cir. 1998).

The civil rules, as both the Supreme Court and this court have emphasized repeatedly, e.g., *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 863 (7th Cir. 2002); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995), establish a system of notice pleading. The plaintiff is not required to plead facts or legal theories or cases or statutes, but merely to describe his claim briefly and simply. In a suit to collect on a promissory note, for example, all the plaintiff has to allege is that he is holding the defendant's note to him and the defendant owes him $X dollars on it. He doesn't have to specify the statute or common law principle that the defendant has violated by failing to pay him. *Bennett v. Schmidt*, 153 F.3d 516, 518-19 (7th Cir. 1998); *Vidimos, Inc. v. Laser Lab Ltd.*, 99 F.3d 217, 222 (7th Cir. 1996); *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

Shah's complaint alleges that he had a lease with the defendant pursuant to which he invested money in renovating space for a gift shop and the defendant refused to re-

new the lease, in effect confiscating the improvements that the plaintiff had made through his renovations, because of animosity to people born in India. If the complaint had stopped there, it clearly could not have been dismissed consistent with Rule 8 of the civil rules. True, the defendant might be quite unsure what statute, state or federal, or common law principle the conduct alleged in the complaint might violate, but he could smoke out the plaintiff's theory of the case by serving a contention interrogatory on him. *Ryan v. Mary Immaculate Queen Center*, 188 F.3d 857, 860 (7th Cir. 1999); *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997). Or the judge, if skeptical that there was any legal basis for such a complaint, could on his own initiative have asked the plaintiff to file a supporting legal memorandum. It is commendable rather than censurable in a judge to review complaints as they are filed and weed out the frivolous ones without putting the defendant to the burden of responding, provided of course that the review is conscientious and made by the judge himself (or herself) rather than delegated to staff.

The complication here is the plaintiff's confusing reference to "Illinois Public Policy," combined with the inapt reference in the motion to reconsider (the motion the district judge denied) to the Illinois Human Rights Act, and the astonishing answer that the plaintiff's lawyer gave us at argument when asked what his legal theory was: his answer was that it was fraud. Had the plaintiff alleged not that the defendant had violated "Illinois Public Policy" but that he had violated the Rule Against Perpetuities or the Geneva Conventions, the district judge would have been within his rights in dismissing the suit as frivolous. The complaint would fail, in the most literal sense, to state a claim upon which relief might be granted. But that is not quite this case. The reference to "Illinois Public Policy" could be intended to invoke Illinois statutory and

common law principles (not necessarily limited to the Human Rights Act) that would create a remedy for someone denied a contractual advantage on grounds of national origin, although we do not know whether such a remedy is available under Illinois law. And with a little research the plaintiff's lawyer would have discovered 42 U.S.C. § 1982, which forbids discrimination against racial and related minorities in the sale and lease of real estate. *Shaare Tefila Congregation v. Cobb*, 481 U.S. 615, 616-18 (1987). The complaint was not frivolous on its face, though it is an open question whether the plaintiff's lawyer will ever be able to identify a legal basis for his claim. He may wish to consult a specialist in discrimination litigation.

But we think he should have an opportunity to try to show that the complaint has a legal basis. The dismissal was premature and the case must be remanded. But we emphasize that the defendant is entitled to be supplied by the plaintiff one way or another with a road map of the plaintiff's suit so that he can know how to defend itself. We have suggested that the simplest way to do this is either for the judge to ask the plaintiff for a legal memorandum or for the defendant to serve the plaintiff with a contention interrogatory.

REVERSED AND REMANDED.

A true Copy:

Teste:

_____
***Clerk of the United States Court of
Appeals for the Seventh Circuit***