Jaime FELICIANO CACERES,
et al., Plaintiffs,

v.

LANDFILL TECHNOLOGIES
CORP., et al., Defendants.

Civ. No. 02–2697 (PG).

United States District Court,
D. Puerto Rico.

Nov. 7, 2006.

Jose R. Gonzalez–Nogueras, William A. Graffam, Monica A. Santiago–Vazquez, Jimenez, Graffam & Lausell, San Juan, PR, for Plaintiffs.

Nestor Mendez–Gomez, Oreste Ricardo Ramos–Pruetzel, Vanessa Marie Mullet–Sanchez, Pietrantoni Mendez & Alvarez, San Juan, PR, for Defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Plaintiffs, Jaime Feliciano–Caceres (d/b/a JF & Assoc.), Ingrid Candanedo–Zamora, and the Conjugal Partnership of Feliciano–Candanedo (collectively referred to as "plaintiffs") filed this copyright infringement claim on November 20, 2002. The named defendants are Land–Fill Technologies Corp., d/b/a Landfill Technologies Corp.; F & S Construction Corp.; Landfill Gas Technologies Corp.; Landfill Management, S.E.; Landfill Technology; Landfill Technologies Corp.; Landfill Technologies of Arecibo Corp.; Landfill Technologies of Aguadilla Corp., formerly Landfill Technologies of Añasco Corp.; Landfill Technologies of Cabo Rojo Corp.; Landfill Technologies of Toa Alta Corp.; Landfill Technologies of Guaynabo Corp.; Landfill Technologies of Santa Isabel Corp.; Víctor Contreras Pérez, as shareholder, director, and officer of several of the above corporations and in his individual capacity; Víctor L. Contreras Muñoz, as shareholder, director, and officer of several of the above corporations and in his individual capacity; Rey O. Contreras Moreno, as shareholder, director, and officer of the above corporations and in his individual capacity, his wife Jane Doe and their conjugal partnership Quintín de Jesús; Miguel García–Campos; Zoe Atances González and her husband Richard Roe and their conjugal partnership; John Doe; and ABC Insurance Corp., (collectively referred to as "defendants").

On March 10, 2005, defendants filed a Motion for Partial Judgment on the Pleadings. (Docket No. 124.) Defendants allege that plaintiffs' claim for relief relating to violation of moral rights in their Work Plans and Quality Assurance Projects Plan was not properly or timely pled, thereby effectively preventing the court from ruling on the merits of such claims. Additionally, defendants argue that plaintiffs failed to register the reports with the Puerto Rico Registry of Intellectual Property as required by the procedural requirements of local law.

In opposition, plaintiffs argue that the allegations in the complaint are enough to establish a cause of action for moral rights. Alternatively, plaintiffs request an opportunity to amend the complaint. (Docket No. 135.) Defendants filed a reply to plaintiffs' opposition. (Docket No. 136.) A surreply was filed thereafter. (Docket No. 163.) On July 14, 2005, the matter was referred to Chief Magistrate Judge Justo Arenas for his Report and Recommendation ("R & R"). (Docket No. 159.)

Before the Court is the Magistrate Judge's R & R (Docket No. 201.) In essence, the Magistrate Judge recommends that defendants' motion be denied and plaintiffs be granted leave to file an amended complaint to include the moral rights claim pursuant to Puerto Rico law. The parties timely filed objections. (Docket Nos. 204, 206, 205, 214.) For the following reasons, the Court **ADOPTS IN PART** the Magistrate Judge's recommendation and **DENIES** the defendants' motion.

## BACKGROUND [1]

Defendants manage waste disposal sites under contract with several local municipalities. (Docket Nos. 39, at 3–6; 89, at 1.) At different times between February, 1996 and July, 1998, defendants and associated corporate entities entered into agreements with plaintiffs to provide professional and scientific services, including hydro-geological characterization, installation of ground water monitoring wells, and explosive gas monitoring at different municipal waste disposal sites. (Docket No. 39, at 8–9.) As part of the contracts, plaintiffs were also supposed to install wells, as well as operate and sample them periodically. (*Id.* at 10.) Plaintiffs were also to prepare reports (documents) which were to be submitted before a regulatory agency, that is, the Puerto Rico Envi-

---

1. The parties do not object to the Magistrate Judge's factual discussion. Therefore, the Court culls the relevant facts from the R & R.

ronmental Quality Board (EQB), on behalf of defendants. Those documents, each of which reflected a required prior study, showed how these operations would be carried out in accordance with the requirements of the contracts. (*Id.* at 9.)

In February and March, 2000, defendant Landfill Technologies Corp. (hereinafter "LTC") sent plaintiff JF & Associates two letters informing them that the agreement for services in the Guaynabo, Carolina, and San Juan projects was being terminated. (*Id.* at 10.) Beginning in March 2000, LTC began submitting work plans and quality assurance project plans for the Arecibo, Toa Alta, San Juan, Aguadilla, and other municipal landfills to the EQB. (*Id.* at 10–11.) The documents labeled as LTC's works were almost identical to the works prepared by plaintiffs, including corresponding graphics, tests, figures, blueprints, and procedures of plaintiffs' exclusive design, authorship and derivative works. (*Id.* at 11.)

Plaintiffs filed the present suit claiming copyright infringement of intellectual property, breach of contract under 17 U.S.C. § 101 *et seq.* and supplemental causes of action based on breach of contract. (Docket No. 39, at 2, 15.) It is alleged that defendants infringed several copyright protected works including texts, revised maps, figures, and procedure plans of the sole authorship and design of plaintiffs, duly registered in accordance with the Copyright Act and the Puerto Rico Intellectual Property Act. (*Id.* at 14, ¶ 53.) In addition, plaintiffs claim defendants breached their contractual obligation causing plaintiffs to suffer economic and personal damages. (*Id.* at 15, ¶ 55.) Defendants answered the amended complaint on April 26, 2004. (Docket No. 45.)

## DISCUSSION

### I. Standard for Reviewing a Magistrate–Judge's Report and Recommendation

Pursuant to 28 U.S.C. §§ 636(b)(1)(B), Fed. R.Civ.P. 72(b), and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo*

*Rodriguez v. Pfizer Pharmaceuticals, Inc.,* 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." *United States v. Mercado Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003) (*quoting* 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Felix Rivera de Leon v. Maxon Engineering Services, Inc.,* 283 F.Supp.2d 550, 555 (D.P.R.2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate", however, if the affected party fails to timely file objections, " 'the district court can assume that they have agreed to the magistrate's recommendation'." *Alamo Rodriguez,* 286 F.Supp.2d at 146 (*quoting Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985)).

### II. Judgment on the Pleadings

The Court of Appeals for the First Circuit has recognized that "nothing in the text of Rule 12(c) compels the court to apply any particular standard when deciding" motions for judgment on the pleadings. *NEPSK, Inc. v. Town of Houlton,* 283 F.3d 1,8 (1st Cir.2002). Nevertheless, motions under Fed. R.Civ P. 12(c) are normally "evaluated under the familiar standard applicable to a Rule 12(b)(6) motion to dismiss'." *Medina Perez v. Fajardo,* 257 F.Supp.2d 467, 471 (D.P.R. 2003). *See Whiting v. Maiolini,* 921 F.2d 5, 6 (1st Cir.1990)(holding that a District Court may treat a motion for judgment on the pleadings as a rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted). *See also Viera–Marcano v. Ramirez–Sanchez,* 224 F.Supp.2d 397, 399 (D.P.R.2002); *Fotos v. Internet Commerce Express, Inc.,* 154 F.Supp.2d 212, 213 (D.N.H.2001); *Canty v. Old Rochester Regional School District,* 54 F.Supp.2d 66, 68 (D.Mass.1999). The reason being that "when a federal court reviews the sufficiency of a complaint, before the reception of any evidence ... the issue is not whether a plaintiff

will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236–37, 94 S.Ct. 1683, 40 L.Ed.2d 90(1974).

When ruling on a 12(b)(6) motion, a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. *Berezin v. Regency Savings Bank*, 234 F.3d 68, 70 (1st Cir.2000); *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. *Ronald C. Brown v. Hot, Sexy, and Safer Productions, Inc.*, 68 F.3d 525 (1st Cir.1995); *see also Miranda v. Ponce Federal Bank*, 948 F.2d 41, 44 (1st Cir.1991); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". *Zeus Projects Limited v. Perez Y Cia*, 187 F.R.D. 23, 26 (D.P.R.1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." *Washington Legal Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir.1993). In order to survive a motion to dismiss, he or she must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988). Indeed, the Court need not accept "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996).

## III. *Analysis*

The Magistrate Judge considered the pleadings in the amended complaint in which plaintiffs bring causes of action for violation of the Federal Copyright Act of 1876, 17 U.S.C. §§ 101 *et seq.*, and breach of contract.

(Docket No. 39, at 14, ¶ 53; 15, ¶ 55.) He found that plaintiffs failed to mention anything as to a violation of their moral rights in either their complaint or their amended complaint. Nevertheless, and in light of the pleadings and motions filed, the Magistrate Judge determined that it would be unfair to disallow a claim for moral rights at this stage of the proceedings, as defendants request, without first asking plaintiffs to support their allegation pertaining to the moral rights of their works. At the same time, he determined that it would be unfair to allow plaintiffs an opportunity at trial to include said moral rights as a part of the cause of action without expressing them in a pleading because defendants would be left without a "roadmap" to defend against the merits of such claim. Accordingly, following Rule 15(a)'s standard of review[2], the Magistrate Judge concluded that defendants would not be unduly harmed in the event that plaintiffs be permitted to amend the complaint a second time to include a cause of action for moral damages. Furthermore, because of the discovery that has been performed, the Magistrate Judge, who has been overviewing the discovery proceedings, determined that the same evidence gathered to prove the federal copyright infringement claim can be used to prove or defend a cause of action for moral damages. Indeed, the Magistrate Judge found that additional discovery will not be necessary to further develop either parties' respective positions in relation to these issues. Therefore, because neither party would be prejudiced, he recommends that the court exercise its broad discretion in allowing plaintiffs to amend their original claim to include a cause of action for infringement of their moral rights pursuant Puerto Rico law, P.R. Laws Ann. tit. 31, §§ 1401–1401(i).

At the outset, when the Court read the R & R, it first wondered why defendants had moved for judgment on the pleadings of a claim that pursuant to the Magistrate Judge

**2.** Specifically, the Magistrate Judge considered the broad discretion Courts have to freely grant leave to amend a complaint under Fed.R.Civ. P 15(a). *See Coyne v. City of Somerville*, 972 F.2d 440, 446 (1st Cir.1992) *(citing Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d at 59). He considered factors such as undue delay, repeated failure to cure deficiencies, undue prejudice, and futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

appears nowhere in the Complaint. Foreseeing that the Court would ask just that, defendants explain in their objections that although neither the Complaint or the Amended Complaint make reference to the violation of moral rights or to the provisions of the Puerto Rico Intellectual Property Law, in several motions filed prior to defendants' "Motion for Partial Judgment on the Pleadings", plaintiffs attempted to add a cause of action for violation of moral rights without seeking the Court's leave. Defendants posit that it was plaintiffs' attempt to sidestep Rule 15(a) of the Rules of Civil Procedure which prompted defendants to file the with the Court.

As to the Magistrate Judge's report, defendants object to the recommendation that their motion be denied and plaintiffs be allowed to amend the complaint to include a claim for moral damages. Specifically, they argue that such conclusion is contrary to law because under the Puerto Rico Intellectual Property Law, "registration is a condition precedent to both ownership and a copyright claim". Inasmuch as plaintiffs' works were presented for registration and registered with the Puerto Rico State Department after the alleged infringement by defendants, plaintiffs have no claim for moral damages. In other words, defendants argue that even if plaintiffs were allowed to amend the Complaint to include a claim for moral rights damages, such claim would not be actionable and would have to be dismissed. (Docket Nos. 206 & 210.)

Plaintiffs responded to defendants' objection arguing two things: (1) that they should be allowed to amend the complaint given that defendants will suffer no prejudice, and (2) that pursuant to the case of *Harguindey Ferrer v. Universidad Interamericana de Puerto Rico,* 148 D.P.R. 13 (1999) plaintiffs cause of action for violation of moral rights is not dependent on the registration of the works at issue [3].

■ Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." *Colmenares Vivas v. Sun Alli-*

*ance Ins. Co.,* 807 F.2d 1102, 1108 (1st Cir. 1986). A denial by a district court of leave to amend under Fed.R.Civ.P. 15(a) is reviewed for abuse of discretion. *Colmenares Vivas,* 807 F.2d at 1108; *Isaac v. Harvard Univ.,* 769 F.2d 817, 829 (1st Cir.1985); *Carter v. Supermarkets Gen. Corp.,* 684 F.2d 187, 192 (1st Cir.1982). If "a court decides not to permit [an] amendment, it must do so for a valid reason such as bad faith by the moving party, unwarranted delay, or undue prejudice to the opposing party." *Colmenares Vivas,* 807 F.2d at 1108 *(citing Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

■ "As a case progresses, and the issues are joined, the burden on a plaintiff seeking to amend a complaint becomes more exacting." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir.2004). Indeed, the "standard focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Id.* As a general rule "the longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir,* 383 F.3d at 12 *(citing Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52–53 (1st Cir.1998)). Motions to amend are disfavored when the "timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Steir,* 383 F.3d at 12 *(quoting Acosta–Mestre,* 156 F.3d at 52).

■ Having carefully reviewed the record as well as the applicable case law, we find that plaintiffs should be allowed to amend the complaint.

■ Defendants argument that plaintiffs' moral rights claim is contingent on their having registered the works at issue is incorrect. Pursuant to Puerto Rico law, moral

---

**3.** In their Reply, defendants reiterated their argument that plaintiffs' moral rights claim is not actionable and therefore they should not be allowed to amend the Complaint. (Docket No. 210.)

rights claims, as opposed to economic rights claims, do not require that the works be registered before filing suit.

"In Puerto Rico, intellectual property right is composed of two rights: a moral right that protects the link between the author and [his] work, and a patrimonial right that grants [him] a monopoly over the exploitation of the work." *Venegas Hernandez v. Peer Intern. Corp.*, 270 F.Supp.2d 207, 213 (D.P.R. 2003) (*quoting Cotto Morales v. Rios*, 140 D.P.R. 604, 613–616 (1996)).

> The patrimonial right is defined as the right to, *inter alia,* reproduce and perform the work, as well as the right to create derivative works, and to receive benefits derived from these acts.... The moral right protects the right to attribution of the work and the right to demand and protect the integrity of the work. This includes the right to prevent the alteration, truncation, and distortion of the work.

*Venegas Hernandez v. Peer Intern. Corp.*, 270 F.Supp.2d at 213 (citing *Harguindey Ferrer v. Universidad Interamericana de Puerto Rico*, 148 D.P.R. 13, 29 (1999); *Cotto Morales*, 140 D.P.R. at 620–623.)

The question at issue here, whether plaintiffs' works had to be registered before bringing a moral rights claim, was specifically addressed by the Puerto Rico Supreme Court in the *Harguindey* case. There, the Court held that given the nature of moral rights, requiring registration in order to exercise a moral right would seem contrary to the very nature of such rights.

> When the allegation is that another person has attributed the authorship of the work ..., we conclude that it is not necessary that the work be registered [in the Intellectual Property Registry].... [G]iven the extremely personal nature of a moral right it would not appear necessary to condition its exercise ("reserva") on the registration

of the work that sustains it in an Intellectual Property Registry. This is fully justified in the case of economic rights, which are alienable and transferable, for purposes of establishing a clear chain of ownership or 'successive tract' ("tracto sucesivo") and to ease the resolution of judicial controversies by way of rebuttable presumptions of ownership ("título").... Requiring registration in order to exercise a moral right, ... would be contrary to the very nature of that right.

*Harguindey*, 148 D.P.R. 13, 30–31 (1999)[4]. Defendants do not point to any cases that run contrary to the Harguindey holding. Thus, even if there is an issue of fact as to whether plaintiffs had registered their works or not (see R & R, Docket No. 201 at 10–11), it is immaterial because registration is not required. Accordingly, plaintiffs are not barred from bringing a moral rights claim. The Court therefore REJECTS the portion of the R & R titled "Registration of Copyright".

Other than arguing that plaintiffs had to register their works before bringing a moral rights claim, defendants do not raise any other argument showing how the proposed amendment would prejudice them. Motions to amend are disfavored if the timing prejudices defendants by requiring a re-opening of discovery, a significant postponement of the trial, and a major alteration in trial tactics and strategy. *Steir*, 383 F.3d at 12 *(quoting Acosta–Mestre*, 156 F.3d at 52) (internal quotations omitted). None of these circumstances are present here.

As the Magistrate Judge concluded, defendants will not be unduly harmed in the event plaintiffs are permitted to amend the complaint to include a cause of action for moral damages. Minimal additional testimonial, documentary or other evidence, if any, will be needed to either prove or defend a claim

---

**4.** The moral right of the author constitutes a private right that has as its finality not the work of the author's ingenious, which is property of a patrimonial nature, but the personal property of the intellect. In civil law, the moral right of an author has been classified as a very personal right together with other rights such as the right to live, to liberty, [and] physical integrity, ... among others. Above all, the moral right is esteemed as an absolute right, that means, it is one of those rights of a universal nature which entails ... a duty from all ... with respect to its owner. From there stems the general obligation imposed upon everyone of abstaining and avoiding any disturbance or perturbation of that right. *Cotto Morales*, 140 D.P.R. at 621–623(citations omitted) (translation ours).

for moral damages given that much of the same evidence that will be used to prove these allegations will be used to prove the Federal Copyright Act claim of which extensive documentary discovery has already been produced.

Therefore, upon *de novo* review of the Magistrate Judge' R & R, the record, as well as the parties' objections, and because neither party will be inconvenienced or inordinately prejudiced, the Court will exercise its broad discretion in allowing plaintiffs to amend the complaint claim **ONLY** to include a cause of action for infringement of their moral rights pursuant to Title 31, Section 1401, of the Puerto Rico Civil Code. Defendants have been aware of plaintiffs' claim and the discovery performed has in fact covered what would be needed to defend themselves against a moral rights claim [5].

### CONCLUSION

WHEREFORE, the Court **ADOPTS IN PART** the R & R **(Docket No. 201)** and **DENIES** defendants' Motion for Partial Judgment on the Pleadings. **(Docket No. 124.)**

**IT IS SO ORDERED.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

ARENAS, United States Chief Magistrate Judge.

#### I. Factual and Procedural Background

Plaintiffs in this action are Jaime Feliciano–Cáceres (d/b/a JF & Assoc.), Ingrid Candanedo–Zamora, and the Conjugal Partnership of FelicianoCandanedo. The defendants are Land–Fill Technologies Corp., d/b/a Landfill Technologies Corp.; F & S Construction Corp.; Landfill Gas Technolo-

gies Corp.; Landfill Management, S.E.; Landfill Technology; Landfill Technologies Corp.; Landfill TECHNOLOGIES of Arecibo Corp.; Landfill Technologies of Aguadilla Corp., formerly Landfill Technologies of Añasco Corp.; Landfill Technologies of Cabo Rojo Corp.; Landfill Technologies of Toa Alta Corp.; Landfill Technologies of Guaynabo Corp.; Landfill Technologies of Santa Isabel Corp.; Víctor Contreras Pérez, as shareholder, director, and officer of several of the above corporations and in his individual capacity; Víctor L. Contreras Muñoz, as shareholder, director, and officer of several of the above corporations and in his individual capacity; Rey O. Contreras Moreno, as shareholder, director, and officer of the above corporations and in his individual capacity, his wife Jane Doe and their community property; Quintín de Jesús; Miguel GarcíaCampos; Zoe Atances González and her husband Richard Roe and their community property; John Doe; ABC Insurance Corp.

According to the amended complaint of March 24, 2004, Landfill Technologies Corp. (hereinafter "LTC") and Víctor L. Contreras–Muñoz, Rey O. Contreras–Moreno, Zoe Atances–González, Quintín de Jesús, Miguel GarcíaCampos, F & S Construction, Landfill Gas Technologies Corp., Landfill Management, S.E., Landfill Technologies Corp., Landfill Technologies of Arecibo Corp., Landfill Technologies of Aguadilla Corp., Landfill Technologies of Añasco Corp., Landfill Technologies of Cabo Rojo Corp., Landfill Technologies of Toa Alta Corp., Landfill Technology, Landfill Technologies of Guaynabo Corp. and Landfill Technologies of Santa Isabel Corp. (collectively, "LTC" or defendants), manage waste disposal sites under contract with several local municipalities. (Docket Nos. 39, at 3–6; 89, at 1.) At different times between February, 1996 and July,

---

5. The Court is aware that when a motion to amend a complaint is filed after the opposing party has timely moved for summary judgment, plaintiffs should be required to show "substantial and convincing evidence to justify a belated attempt to amend a complaint." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir.2004) (citation omitted). Here, defendants moved for partial summary judgment and just recently the Magistrate Judge issued a Report and Recommendation, in which he recommends that the motion be denied in part and granted in part. Although the Court has yet to rule on the report, regardless of the outcome, because it is a motion for partial summary judgment, the Courts' ruling will not dispose of the case. Therefore, the fact that defendants had filed a partial summary judgment request does not alter the Court's conclusion that in light of the circumstances of the case, and the still ongoing discovery, defendants will not be prejudiced by the amendment.

1998, LTC and associated corporate entities entered into agreements with plaintiffs to provide professional and scientific services, including hydro-geological characterization, installation of ground water monitoring wells, and explosive gas monitoring at different municipal waste disposal sites. (Docket No. 39, at 8–9.) As part of the contracts, plaintiffs were also supposed to install wells, and operate and sample them periodically. (*Id.* at 10.) Plaintiffs were also to prepare reports (documents) which were to be submitted before a regulatory agency, that is, the Puerto Rico Environmental Quality Board (EQB), on behalf of LTC. Those documents, each of which reflected a required prior study, showed how these operations would be carried out in accordance with the requirements of the contracts. (*Id.* at 9.)

In February and March, 2000, LTC sent JFA two letters informing them that the agreement for services in the Guaynabo, Carolina, and San Juan projects was being terminated. (*Id.* at 10.) Beginning in March 2000, LTC began submitting work plans and quality assurance project plans for the Arecibo, Toa Alta, San Juan, Aguadilla, and other municipal landfills to the EQB. (*Id.* at 10–11.) The documents labeled as LTC works were almost identical to the works prepared by plaintiffs, including corresponding graphics, tests, figures, blueprints, and procedures of plaintiffs' exclusive design and authorship and derivative works. (*Id.* at 11.)

The amended complaint alleges copyright infringement of intellectual property, breach of contract under 17 U.S.C. § 101 *et seq.* and supplemental causes of action based on breach of contract. (Docket No. 39, at 2, 15.) Plaintiffs allege that defendants infringed several copyright protected works including texts, revised maps, figures, and procedure plans of the sole authorship and design of plaintiffs, duly registered in accordance with the Copyright Act and the Puerto Rico Intellectual Property Act. (*Id.* at 14, ¶ 53.) Additionally, plaintiffs claim defendants breached their contractual obligation causing plaintiffs to suffer economic and personal damages. (*Id.* at 15, ¶ 55.) Defendants filed an answer to the amended complaint on April 26, 2004. (Docket No. 45.)

On March 10, 2005, LTC defendants moved for judgment on the pleadings. (Docket No. 124.) Plaintiffs opposed the motion on May 13, 2005. A response in opposition for partial judgment on the pleadings was filed on May 13, 2005. (Docket No. 135.) A surreply to the opposition was filed on July 29, 2005. (Docket No. 163.)

In said motion, the LTC defendants allege that plaintiffs' claim for relief relating to violation of purported moral rights in their Work Plans and Quality Assurance Projects Plan was not properly or timely pled, thereby effectively preventing the court from ruling on the merits of the claims. Additionally, defendants allege plaintiffs failed to register the reports with the Puerto Rico Registry of Intellectual Property as required by the procedural requirements of local law.

## II. Standard for Judgment on the Pleadings

Defendants, in their motion for partial judgment on the pleadings correctly state that Rule 12(c) permits a party to move for a judgment on the pleadings "[a]fter the pleadings are closed but within such time as not to delay the trial." Fed.R.Civ.P. 12(c). Moreover, a motion for judgment on the pleadings is for all intents and purposes a Rule 12(b)(6) motion to dismiss filed after the close of the pleadings. *Pasdon v. City of Peabody,* 417 F.3d 225, 226 (1st Cir.2005); *Torres–Negron v. Merck & Co.,* 376 F.Supp.2d 121, 125 (D.P.R.2005). As such, it is well settled law that a 12(c) motion is governed by the same standard as a 12(b)(6) motion. *See Collier v. City of Chicopee,* 158 F.3d 601, 603 (1st Cir.1998). Under Rule 12(b)(6) a litigant is permitted to move for dismissal of an action for "failure to state a claim upon which relief can be granted[.]" Fed.R.Civ.P. 12(b)(6). Dismissal under the rule is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) (footnote omitted); *Viera–Marcano v. Ramirez–Sanchez,* 224 F.Supp.2d 397, 399 (D.P.R.2002). In ruling upon a Federal Rules of Civil Procedure 12(b)(6) motion, the court must accept as true all the well-pleaded factual allega-

tions in the complaint and construe all reasonable inferences in favor of the plaintiff. *Perry v. New England Bus. Serv., Inc.,* 347 F.3d 343, 344 (1st Cir.2003) (citing *Beddall v. State St. Bank & Trust Co.,* 137 F.3d 12, 16 (1st Cir.1998)). The complaint should only be dismissed if it appears that, "under the facts alleged, [the plaintiff] cannot recover under any viable theory." *Campagna v. Mass. Dep't of Envtl. Prot.,* 334 F.3d 150, 154 (1st Cir.2003) (quoting *Nethersole v. Bulger,* 287 F.3d 15, 18 (1st Cir.2002)); *see Class v. Commonwealth of P.R.,* 309 F.Supp.2d 235, 236 (D.P.R.2004). Accordingly, to survive a 12(b)(6) motion, plaintiffs must present "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 28 n. 2 (1st Cir.1996) (citing *Rumford Pharmacy, Inc. v. City of East Providence,* 970 F.2d 996, 998 (1st Cir. 1992)) (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 515 (1st Cir.1988)). Even though all inferences must be construed in favor of the plaintiff, the court need not give weight to "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation." *Berner v. Delahanty,* 129 F.3d 20, 25 (1st Cir.1997) (quoting *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990)).

### III. Discussion

Defendants allege that they are entitled to partial judgment because plaintiffs' amended complaint does not seek relief for violations of plaintiffs' moral rights under the Puerto Rico Civil Code. Defendants also allege that plaintiffs' works were not properly registered before the Puerto Rico Registry of Intellectual Property. Additionally, the defendants contend that the motion for partial judgment on the should not be converted to a motion for summary judgment. Since this argument is unchallenged, the issue of conversion is rendered moot. In opposition to the motion for partial judgment, plaintiffs argue that the allegations in the complaint are enough to establish a cause of action for moral rights.

Alternatively, plaintiffs request an opportunity to amend the complaint.

### A. Moral Rights

The central issue surrounding defendants' motion revolves around the alleged invocation of plaintiffs' moral rights. P.R. Laws Ann. tit. 31, § 1401a states "[m]oral law allows whoever creates a work, to enjoy the benefits of its authorship, as established in § 1401 of this title." *See Torres–Negron v. Rivera,* 413 F.Supp.2d 84, 85–86 (D.P.R. 2006). Therefore, an author's moral right allows him to protect his right and to prevent his work from being "altered, deformed, truncated or exposed." *Pancorbo v. Wometco De P.R., Inc.,* 115 D.P.R. 495, 501–02 (1984); *see also Jimenez Hernandez v. Vibracion Musical, Inc.,* 2001 WL 1758094, at *3 (T.C.A. Nov. 14, 2001). This allows an individual who produces a work product "to enjoy the benefits of [his] authorship." P.R. Laws Ann. tit. 31, § 1401a. Consequently, the use of another's work without his authorization invokes the moral right of an author. *See Cotto Morales v. Rios,* 140 D.P.R. 604, 625 (1996). However, an author's access to moral damages may be obstructed if his creation was made for the purpose of carrying out a service. *See* P.R. Laws Ann. tit. 31, § 1401e.

In this case, defendants allege that plaintiffs are not entitled to the aforementioned moral rights because such rights were not mentioned in either the complaint or the amended complaint.[1] Conversely, plaintiffs argue that the sufficiency of their complaint lies in the fact that they have pleaded a federal claim, somehow thereby eliminating the need to plead a state claim for moral rights infringement. In support, plaintiffs incorrectly rely on *Shah v. Inter–Continental Hotel Chicago Operating Corp.,* 314 F.3d 278 (7th Cir.2002), arguing that a state claim need not be brought in federal court at the pleading stage. I find no support for this in *Shah.* Nonetheless, for the following reasons, I find some support for the resolution of the

---

1. Here, defendants allege that plaintiffs have had two opportunities to amend their complaint to include the violation of moral rights. Plaintiffs have amended their original complaint once. (*See* Docket No. 39, Amended Complaint.)

motion within the language and reasoning in *Shah*.

*Shah* correctly notes in dicta that when a plaintiff brings a cause of action which seems to comply with the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and at the same time is unclear as to "what statute, state or federal, or common law principal" is allegedly violated, it would be premature to dismiss the suit without first asking the defendant to serve a contention interrogatory on the plaintiff or asking the plaintiff to file a supporting legal memorandum. *Shah v. Inter–Continental Hotel Chicago Operating Corp.*, 314 F.3d at 282.

In this case, pursuant to the amended complaint,[2] plaintiffs bring causes of action for violation of the Federal Copyright Act of 1876[3] and breach of contract. Plaintiffs fails to mention anything as to a violation of their moral rights in either their complaint or their amended complaint. Based on this, it would be unfair to disallow a claim for moral rights at this stage of the pleadings without first asking plaintiffs to support their allegation pertaining to the moral rights of their works. On the other hand, to allow plaintiffs an opportunity at trial to include said moral rights as a part of the cause of action without expressing them in a pleading would be unfair to defendants because they would be left without a "roadmap" to defend against the merits of such claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure "[a] party may amend the party's pleading by ... leave of court ... [which] ... shall be freely given when justice so requires." "This determination is left to the broad discretion of the district court." *Coyne v. City of Somerville*, 972 F.2d 440, 446 (1st Cir.1992) (citing *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d at 59). Such factors to be considered are undue delay, repeated failure to cure deficiencies, undue prejudice, and futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Here, defendants will not be unduly harmed in the event plaintiffs be permitted to amend the complaint a second time to include a cause of action for moral damages. With respect to moral damages, there are three main justiciable elements: (1) whether the work was "altered, deformed, truncated or exposed,"[4] (2) used without authorization,[5] or (3) used for the purpose of carrying out a service.[6] Consequently, with respect to the latter two elements, minimal additional testimonial, documentary or other evidence, if any, will be needed (pre trial) to either prove or defend a claim for moral damages. Moreover, with respect to whether or not the works were altered, deformed, truncated, or exposed, much of the same evidence will be used to prove these allegations as will be used to prove a violation under the Federal Copyright Act, of which extensive documentary discovery has already been produced.

Specifically, with respect to the federal copyright claim, plaintiffs have submitted an excerpt of LTC's Work Plan and Quality Assurance Project Plan for Monitoring Explosive Gases in the Arecibo Municipal Landfill to compare with their own plans and to show that they were altered in such a way to comport with LTC's needs pertaining to contracts they had with other municipalities. (*See* Docket No. 39, at 11, ¶ 40, at 12, ¶ 41.) In so doing, plaintiffs assert that the LTC plans at issue are identical to the plans they prepared for the Carolina and Fajardo Municipal Sanitary Landfills and altered without plaintiffs' authorization. In light of the above, this same evidence, at trial, can be used to prove or defend a cause of action for moral damages as well as a federal copyright action. A substantial amount of additional discovery will not be necessary to further develop either parties' respective positions in relation to these issues.

2. *See* Docket No. 39, at 14, ¶ 53, at 15, ¶ 55.

3. Title 17 U.S.C. §§ 101 *et seq.*, as amended.

4. *Pancorbo v. Wometco of P.R., Inc.*, 115 D.P.R. at 501–02; *see also Jimenez Hernandez v. Vibracion Musical, Inc.*, 2001 WL 1758094, at *3.

5. *See Cotto Morales v. Rios*, 140 D.P.R. at 625.

6. *See* P.R. Laws Ann. tit. 31, § 1401(e).

Thus, because neither party will be inconvenienced and defendants will not be inordinately prejudiced, I recommend the court exercise its broad discretion in allowing plaintiffs to amend their original claim to include a cause of action for infringement of their moral rights pursuant to Title 31, Section 1401, of the Puerto Rico Civil Code. *See, e.g., Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir.2004).

## B. Registration of Copyright

Ancillary to the alleged encroachment of plaintiffs' moral rights lies the issue of whether or not they registered their works with the Puerto Rico Registry of Intellectual Property, thereby putting the plaintiffs in a position of compliance with the procedural requirements of Puerto Rico intellectual property law. In support of their motion, defendants cite a myriad of statutes, commentators, and case law offering to legitimatize a rather straight forward question, that is, whether plaintiffs registered their work or not. With respect to this issue, sufficient, yet contrary, evidence is presented by both plaintiffs and defendants.

Article 3591l of the Puerto Rico Civil Code provides in pertinent part that: "[t]he registrations authorized by this section shall have the effect of reserving the corresponding copyright in favor of the author of the registered work." *See* P.R. Laws Ann. tit. 31, § 1402(d). In essence, as defendants argue, registration is a condition precedent to both ownership and a copyright claim. In support of their position and without a thorough explanation of the facts, defendants make the argument that plaintiffs have filed "negative copyright certificates," thereby effectively barring plaintiffs from a claim for moral damages. While it is not clear what defendants are referring to with respect to "negative copyright certificates," it is clear that there exists evidence in the record of the filing of certified copyright certificates for four of the hydrogeologic reports. (Docket No. 135, Ex. 1–10.) Certainly, at this stage of litigation, this is evidence enough to support a claim for registration. Thus, I find plaintiffs to be in compliance with the procedural requirements of establishing a claim for infringement on their moral rights under the Puerto Rico Civil Code.

## IV. Conclusion

In view of the aforementioned, I recommend that defendants' motion for partial judgment on the pleadings be DENIED in relation to plaintiffs' claim for moral damages and also as to plaintiffs' alleged failure to register with the Puerto Rico Registry of Intellectual Property. Similarly, I recommend that plaintiffs be allowed to file a second amended complaint to include the cause of action on moral rights.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980).

Dated April 20, 2006.