In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4025

Larry Davis,

Plaintiff-Appellant,

v.

Ruby Foods, Inc., doing business as Dunkin'
Donuts, Inc., and Baskin-Robbins, Inc.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 00 C 5578--Suzanne B. Conlon, Judge.

Submitted August 14, 2001--Decided October 18, 2001

Before Posner, Ripple, and Diane P. Wood,
Circuit Judges.

Posner, Circuit Judge.  Larry Davis, unrepresented, filed a complaint in federal district court against his former employer, Dunkin' Donuts, charging sex discrimination in violation of Title VII as a consequence of sexual harassment by a female supervisor. The defendant moved to dismiss the complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. The district judge granted the motion and dismissed the suit with the simple notation that the motion was granted and the case dismissed without prejudice to Davis's filing a complying complaint by a specified date. When the date passed without his filing anything, the dismissal became a final, appealable judgment. Otis v. City of Chicago, 29 F.3d 1159, 1166-67 (7th Cir. 1994). Davis actually filed his notice of appeal the day before the judgment became final, but that does not affect our jurisdiction, as explained in Albiero v. City of Kankakee, 122 F.3d 417, 418 (7th Cir. 1997). And he can hardly be faulted for not having taken up the district judge's invitation to file a new complaint. He has no lawyer, and the judge did not indicate what the deficiency in his complaint was or how it could be rectified and he could have gotten few hints from the defendant's

page-and-a-half motion to dismiss.

Rule 8, so far as bears on this case, requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of [the complaint] shall be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1). Mr. Davis's complaint does not satisfy these requirements (themselves, be it noted, rather repetitious--and is "averment," an archaic word of no clear meaning, simple, concise, and direct?). The complaint is not short, concise, or plain. It is 20 pages long (though in a large typeface--at least 14-point), is highly repetitious, and includes material which, though sometimes charming (as when it states that because of "the large work load that federal judges face . . . , all federal judges should have their pay by law doubled"), is irrelevant (another example is the allegation that Davis is an FBI informant). There are some downright weird touches, such as the repeated assertion that Davis and his alleged harasser are, respectively, a "naturally occurring man" and a "naturally occurring woman," as if Davis were concerned about the standing of clones and transsexuals. (Rightly concerned--see Ulane v. Eastern Airlines, Inc., 742 F.2d 1081, 1084 (7th Cir. 1984); Sommers v. Budget Marketing, Inc., 667 F.2d 748, 750 (8th Cir. 1982) (per curiam); Holloway v. Arthur Andersen & Co., 566 F.2d 659, 661 (9th Cir. 1977).) It nevertheless performs the essential function of a complaint under the civil rules, which is to put the defendant on notice of the plaintiff's claim. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993); Bennett v. Schmidt, 153 F.3d 516, 518-19 (7th Cir. 1998); Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999). Indeed, because of its prolixity, it gives the defendant much more information about the plaintiff's conception of his case than the civil rules require (see the very brief model complaints in the Forms Appendix to the rules). And it appears to state a claim that would withstand challenge under Fed. R. Civ. P. 12(b)(6).

The question we must decide, therefore--surprisingly one of first impression in this circuit--is whether a district court

is authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, a disposable husk around a core of proper pleading. As our use of the word "disposable" implies, we think not, and therefore that it is an abuse of discretion (the normal standard applied to decisions relating to the management of litigation, and the one by which dismissals for violation of Rule 8 arereviewed, Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000); In re Westinghouse Securities Litigation, 90 F.3d 696, 702 (3d Cir. 1996); Kuehl v. FDIC, 8 F.3d 905, 908 (1st Cir. 1993); Mangan v. Weinberger, 848 F.2d 909, 911 (8th Cir. 1988)) to dismiss a complaint merely because of the presence of superfluous matter. That would cast district judges in the role of editors, screening complaints for brevity and focus; they have better things to do with their time. In our many years of judging, moreover, we cannot recall many complaints that actually met the standard of chaste, Doric simplicity implied by Rule 8 and the model complaints in the Forms Appendix. Many lawyers strongly believe that a complaint should be comprehensive rather than brief and therefore cryptic. They think the more comprehensive pleading assists the judge in understanding the case and provides a firmer basis for settlement negotiations. This judgment by the bar has been accepted to the extent that complaints signed by a lawyer are never dismissed simply because they are not short, concise, and plain.

"Signed by a lawyer . . ." But of course Mr. Davis is not a lawyer, and so his complaint violates those commands with a baroque exuberance that sets it apart from lawyers' drafting excesses. But the complaint contains everything that Rule 8 requires it to contain, and we cannot see what harm is done anyone by the fact that it contains more. Although the defendant would have been entitled to an order striking the irrelevant material from the complaint, Fed. R. Civ. P. 12(f), we doubt that it would have sought such an order, unless for purposes of harassment, because the extraneous allegations, for example that Davis is an FBI informant, cannot harm the defense. They are entirely ignorable. Excess burden was created in this case not by the excesses of Davis's complaint but by the action of

the defendant in moving to dismiss the complaint and the action of the district court in granting that motion.

The dismissal of a complaint on the ground that it is unintelligible is unexceptionable. Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). Such a complaint fails to give the defendant the notice to which he is entitled. Dismissal followed by the filing of a new complaint may actually be a better response than ordering the plaintiff to file a more definite statement of his claim, Fed. R. Civ. P. 12(e), which results in two documents, the complaint and the more definite statement, rather than one compliant document. But when the complaint adequately performs the notice function prescribed for complaints by the civil rules, the presence of extraneous matter does not warrant dismissal. "Fat in a complaint can be ignored." Bennett v. Schmidt, 153 F.3d 516, 517 (7th Cir. 1998). "If the [trial] court understood the allegations sufficiently to determine that they could state a claim for relief, the complaint has satisfied Rule 8." Kittay v. Kornstein, supra, 230 F.3d at 541. "Were plaintiffs' confessed overdrafting their only sin, we would be inclined to agree that dismissal was an overly harsh penalty." Kuehl v. FDIC, supra, 8 F.3d at 908. See also Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). Indeed; the punishment should be fitted to the crime, here only faintly blameworthy and entirely harmless.

To the principle that the mere presence of extraneous matter does not warrant dismissal of a complaint under Rule 8, as to most generalizations about the law, there are exceptions. We can hardly fault the Third Circuit for dismissing the complaint in In re Westinghouse Securities Litigation, supra, 90 F.3d at 703, which contained 600 paragraphs spanning 240 pages. See also Michaelis v. Nebraska State Bar Ass'n, 717 F.2d 437, 439 (8th Cir. 1983). Have a heart! But Davis's complaint does not fall within any exception that we can think of to the principle sketched in Bennett and here repeated and elaborated.

We also take this opportunity to advise defense counsel against moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to

the defense. Stanbury Law Firm, P.A. v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000) (per curiam). Such motions are what give "motion practice" a deservedly bad name.

Reversed.