**James E. FLYNN, Jr., Plaintiff–Appellant,**

v.

**James G. RILEY, et al., Defendants–Appellees.**

No. 04–1998.

United States Court of Appeals, Seventh Circuit.

Submitted Jan. 13, 2005.*

Decided Jan. 13, 2005.

James E. Flynn, Jr., Chicago, IL, pro se.

Before EASTERBROOK, RIPPLE, and SYKES, Circuit Judges.

### ORDER

James Flynn lost a personal injury lawsuit in the state courts of Illinois and subsequently filed this suit against his counsel's law firm, two state court judges, the Cook County public guardian and state's attorney, and various others. Flynn's *pro se* complaint is unintelligible—it alludes to an incident in which a judge allegedly "threatened the jury with armed violence" and generally charges the defendants with "promoting social pathology." The district court could not discern any claim for relief and therefore dismissed the action. Flynn's brief on appeal is equally

impenetrable. It does little to add context that might help us to understand Flynn's various claims, and instead offers Flynn's assessment that the "District Court is used as a dummy put forward to act for the United States Constitution while ostensibly acting for the interest of the defendants." We therefore see no basis for upsetting the district court's dismissal. *See* Fed.R.Civ.P. 8(a); *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003) (parties must "make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"); *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir.2001) ("The dismissal of a complaint on the ground that it is unintelligible is unexceptional.").

AFFIRMED.