NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 12, 2008[*]
Decided March 12, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 07-2398

| | |
|---|---|
| THOMAS G. WILKINSON, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Eastern District of Wisconsin. |
| *v.* | |
| | No. 06-C-1288 |
| WELLS FARGO BANK MINNESOTA, N.A., et al., | William C. Griesbach, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Thomas Wilkinson filed a sprawling 200-page *pro se* complaint in district court, naming numerous banks and their law firms as defendants, and citing various federal and state civil and criminal statutes, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692-1692p.  The court could not, however, glean the substance of his claims from his complaint and ordered Wilkinson to amend his pleading for clarity.  A second

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary.  Thus, the appeal is submitted on the briefs and the record.  *See* FED. R. APP. P. 34(a)(2).

complaint, shorn of various exhibits and "motions" but otherwise identical, was no better. Accordingly, the court dismissed the bulk of the complaint as unintelligible. *See* FED. R. CIV. P. 8(a)(2). The court held, however, that to the extent that Wilkinson had alleged violations of the FDCPA by any creditor banks, he had failed to state a claim upon which relief could be granted because the FDCPA governs debt collectors and not creditors (with a few inapplicable exceptions). *See* 15 U.S.C. § 1692a; FED. R. CIV. P. 12(b)(6); *Randolph v. IMBS, Inc.*, 368 F.3d 726, 729 (7th Cir. 2004); *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003). The court dismissed that portion of the complaint with prejudice. Following a hearing, the court also concluded that the true purpose of Wilkinson's suit was to harass the defendants and therefore sanctioned him $1,000. *See* FED. R. CIV. P. 11(b).

We review a district court's dismissal under Rule 12(b)(6) *de novo*. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). In doing so, we accept any well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff, *see id.*, mindful of the need to construe *pro se* complaints liberally, *see Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). We review a dismissal under Rule 8(a), meanwhile, for abuse of discretion. *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). Finally, we review a district court's imposition of Rule 11 sanctions for abuse of discretion as well. *Cuna Mut. Ins. Soc'y v. Office & Prof'l Employees Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006).

Wilkinson's brief in this court poses a similar challenge; it contains significant portions of the original complaint and does not, for the most part, assert grounds for error. We read Wilkinson's brief to contain one principal argument, that the district court was wrong to dismiss his FDCPA claim. Wilkinson seems to believe that because various bank creditors sought to collect on a debt, those entities became "debt collectors" for purposes of the FDCPA. The district court properly rejected this argument. *See Schlosser*, 323 F.3d at 536. The remainder of his complaint is indeed unintelligible and therefore was properly dismissed. *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *Davis*, 269 F.3d at 820. Moreover, because Wilkinson submitted an identical complaint after the court ordered him to clarify the original pleading, the court did not abuse its discretion in imposing a modest sanction for disobedience. *See Cuna Mut. Ins. Soc'y*, 443 F.3d at 560.

AFFIRMED.