NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 31, 2010[*]
Decided April 1, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 09-3920

| | |
|---|---|
| APRIL GRIFFIN and INEZ GRIFFIN, *Plaintiffs-Appellants,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 08 C 822 |
| MILWAUKEE COUNTY, et al., *Defendants-Appellees.* | Lynn Adelman, *Judge.* |

**O R D E R**

Pro se plaintiffs April Griffin, her sister, and ostensibly their minor children, claim in this civil-rights action that the State of Wisconsin, the City of Milwaukee, and a multitude of individual defendants interfered with Griffin's custody of her infant son. The district court first notified the plaintiffs that their complaint does not comply with Federal Rule of Civil Procedure 8(a), and when they ignored two deadlines to amend it, the court dismissed the action with prejudice. The plaintiffs appeal.

---

[*]After examining the briefs and the record, we conclude that oral argument is not necessary. The appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Like the district court, we have struggled to understand the plaintiffs' 70-page complaint.  From the text we glean that April Griffin has a son with one of the defendants, who was awarded custody by a state judge when Griffin commenced a paternity action.  But she refused to disclose the child's location and was held in civil contempt, and her sister was arrested after the father accused her of hiding the child.  Griffin eventually was released from the civil contempt, but police officers then raided the apartment where she was living, found the boy and took custody, and arrested Griffin for interference with child custody.  She was in jail when this suit was filed.

The plaintiffs already had filed an amended complaint before the district judge got his first look at the lawsuit.  The court screened the amended complaint and characterized it as rambling and confusing with "a whole mess of unconnected legal conclusions sprinkled with occasional facts."  This prolixity, the court explained, made it "nearly impossible to determine exactly what each defendant is alleged to have done to violate plaintiffs' rights and therefore to analyze whether there is any potential basis for liability for each defendant."  The court dismissed the complaint but gave the plaintiffs leave to amend and instructed them to number the paragraphs and limit each to a "single set of circumstances." The plaintiffs were also told to "clearly set forth what each defendant is alleged to have done" and to refrain from including "lengthy legal descriptions and conclusions."  The plaintiffs ignored this directive and instead sought reconsideration and asked the judge to recuse himself.  The court declined to do either and extended the deadline for the plaintiffs to file a second amended complaint.  They in turn filed an "objection" to the order and repeated their demand for recusal.  After the second deadline had passed without a revised complaint, the court dismissed the case with prejudice under Rule 8(a).

On appeal the Griffin sisters[1] argue that the district court should not have ordered them to amend their complaint because the defendants could have moved for a more definite statement.  *See* FED. R. CIV. P. 12(e).  But we have explained that often it is simpler to dismiss an unintelligible complaint with leave to file a new one so that a plaintiff's allegations are contained in only one document rather than two: the complaint and the more definite statement.  *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001).  That is the case here.  Where the operative complaint cannot stand on its own—itself a confusing

---

[1]The Griffin sisters were not authorized to file the complaint or pursue this appeal on the children's behalf without counsel.  *See Elustra ex rel. Elustra v. Mineo*, – F.3d –, 2010 WL 431669, at *3 (7th Cir. Feb. 9, 2010); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) (per curiam).  Accordingly, the minor children were not part of the underlying action and are not parties to this appeal.

morass of legal theory and limited factual assertions—an addendum would only complicate matters.

In addition, the plaintiffs contend that the district court did not have authority to screen their complaint because they had paid the filing fee. But district courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

Finally, the plaintiffs insist that it was error to dismiss their suit under Rule 8 because, in their view, the complaint "spell[s] out in detail how each defendant participated" in violating their rights. We review a dismissal under Rule 8 for abuse of discretion. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438-39 (7th Cir. 2004); *Davis*, 269 F.3d at 820. A district court normally cannot dismiss a complaint merely because it is repetitious or includes irrelevant material. *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). But "[l]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id.* A court is free to dismiss a complaint with prejudice when the plaintiffs have been given opportunities to amend, but fail to do so. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007); *Frederiksen*, 384 F.3d at 439.

Here, the plaintiffs' lengthy and disjointed complaint made it impossible for the district court to identify the specific allegations against each defendant and therefore impossible to determine whether there are potential claims against any of them. We agree with the district court that the complaint does not comply with Rule 8. The complaint includes some factual allegations, but they are not easily retrieved or assimilated; only after 18 pages of mostly broad legal assertions does the complaint mention the custody battle that seems to be at the heart of the suit. And even then it is unclear how each defendant is supposed to have participated; some defendants listed in the caption are not even mentioned in the body of the complaint. The complaint is unintelligible, and it was not an abuse of discretion for the district court to dismiss the case with prejudice after the plaintiffs failed to cure the deficiencies.

The plaintiffs include several additional arguments in their brief, including a contention that the district judge should have recused himself. We have reviewed these additional arguments and conclude that none has merit.

AFFIRMED.