**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 26, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRANDON BAKER,

     Plaintiff-Appellant,

v.

CITY OF LOVELAND; LOVELAND
POLICE DEPARTMENT; LT RICK
ARNOLD, in official and individual
capacity; SGT.JEFF PYLE, in
official and individual capacity;
OFFICER ANDRES SALAZAR, in
official and individual capacity;
LARIMER COUNTY DA GORDON
MCLAUGHLIN, in official and
individual capacity,

     Defendants-Appellees.

No. 16-1435
(D.C. No. 1:15-CV-01920-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

---

[*]    We conclude that oral argument would not materially help us to decide this appeal. As a result, we are deciding the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

Mr. Brandon Baker sued the City of Loveland, the Loveland Police Department, Mr. Rick Arnold, Mr. Jeff Pyle, Mr. Andres Salazar, and Mr. Gordon McLaughlin. Mr. Baker's amended complaint spans 42 single-spaced pages, contains 398 paragraphs, and includes 17 causes of action. The district court dismissed the amended complaint without prejudice for failure to satisfy Rule 8 of the Federal Rules of Civil Procedure.

Mr. Baker appeals, arguing that

- the defendants are subject to judicial estoppel,

- the district court should have stricken the immaterial parts of the amended complaint rather than order dismissal, and

- the cause of action consists of a "primary right" and a breach, not a remedy.

In addressing whether the district court erred in dismissing the amended complaint, we must affirm unless the district court abused its discretion. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161-62 (10th Cir. 2007). In our view, the district court acted within its discretion. Therefore, we affirm.

## I.   The district court had discretion to order dismissal based on a failure to comply with Rule 8.

Under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requirement is designed to force plaintiffs "to state their claims intelligibly so as to

2

inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).[1]

Prolixity of a complaint undermines the utility of the complaint. *See Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir. 1952) ("The purpose of [Rule 8(a)] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). Thus, we have held that a complaint can run afoul of Rule 8 through unnecessary length and burying of material allegations in "'a morass of irrelevancies.'" *Mann*, 477 F.3d at 1148 (quoting *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

The district court concluded that Mr. Baker had failed to comply with Rule 8, and this conclusion was correct. The amended complaint is

- filled with unnecessary legal arguments and detail and

- lacking clarity about what each defendant allegedly did to incur liability.

In 42 single-spaced pages, the amended complaint includes numerous matters that are both unnecessary and irrelevant at this stage:

- argument for abstention under *Pullman* and *Younger* (pp. 1-2),

---

[1]   Mr. Baker is pro se, so we liberally construe the amended complaint. *Jordan v. Sosa*, 654 F.3d 1012, 1018 n.8 (10th Cir. 2011). Nonetheless, pro se litigants must comply with the Federal Rules of Civil Procedure. *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[A]n appellant's *pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil Procedure.").

- reference to a bar complaint against one of the defendants (p. 5),

- legal argument about the accrual date for claims of malicious prosecution, false, arrest, and false imprisonment (p. 6),

- legal argument about the applicable law on tolling of the limitations period (p. 7),

- legal argument about the length of the limitations period for the § 1983 claims (p. 9),

- legal argument about summary judgment (p. 13),

- legal argument about strict scrutiny of the state's alleged inhibition of religious practice (pp. 15, 17),

- reference to past stops by officers who are not parties (without any apparent allegation of wrongdoing) (p. 19),

- legal argument about Colorado's suppression of improperly obtained evidence (p. 21),

- legal argument about the unreliability of the sense of smell (p. 21), and

- legal argument about the determination of probable cause (p. 27).

Buried in the amended complaint are allegations that might alert particular defendants to allegations of wrongdoing. But other allegations appear to lump all of the defendants together, without saying who did what or identifying conduct that would trigger liability. Thus, the district court properly dismissed the amended complaint.

4

**II.   The doctrine of judicial estoppel does not apply.**

Mr. Baker argues that the defendants changed their position, triggering judicial estoppel, which in turn foreclosed challenges to the amended complaint.[2] This characterization is incorrect.

The original complaint was filed in another case. In that case, the district court explained that the complaint had failed to satisfy Rule 8. Order, *passim*, *Baker v. Loveland*, No. 15-CV-1864-LTB (D. Colo. Aug. 31, 2015), ECF No. 5. The problem was the complaint's vagueness. *Id*. at 2-3. The court told Mr. Baker that to state a claim in federal court, he had to specify (1) what that defendant had done, (2) when the defendant had done it, (3) how the defendant's action had resulted in harm; and (4) what specific legal right the defendant had violated. *Id* at 3 (bold typeface omitted).[3]

---

[2]   The doctrine of judicial estoppel prohibits parties from changing positions after prevailing based on the earlier positions. *Johnson v. Lindon City Corp.*, 405 F.3d 1065, 1069 (10th Cir. 2005).

[3]   The original complaint and order are not in our record on appeal. We take judicial notice of these documents because they apparently are what Mr. Baker is referring to in his opening brief. *See St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

In an amended complaint newly filed in our case,[4] Mr. Baker again failed to explain what each defendant had done, when the defendant had done it, how it had resulted in harm, and what specific right had been violated. Instead, Mr. Baker added unnecessary legal arguments and details. These additions did not cure the earlier pleading defects, and the doctrine of judicial estoppel does not apply.

## III. The district court had the discretion to dismiss the amended complaint rather than strike the immaterial parts.

Mr. Baker argues that the district court should have stricken the excess allegations rather than dismiss the amended complaint. In different circumstances, striking the excess allegations might suffice as a remedy. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (stating that when the complaint is not short and plain, the district court can strike the redundant or immaterial parts under Rule 12(f)); *see also Davis v. Ruby Foods, Inc.*, 269 F.3d 818 (7th Cir. 2001) (holding that when the complaint otherwise satisfied Rule 8, inclusion of irrelevant material did not justify dismissal of the suit). But sifting through the excess allegations here would have imposed a considerable burden, and Mr. Baker never suggested in district court that he would withdraw his extraneous allegations or legal arguments. In these circumstances, the district court had the discretion to

---

[4] Mr. Baker did not try to rectify these deficiencies in the earlier case. Instead, he filed the amended complaint in our case.

6

dismiss the amended complaint rather than sua sponte order the striking of immaterial allegations.

## IV. Mr. Baker's characterization of a "primary right" does not affect the outcome.

Mr. Baker also argues that the dismissal was erroneous because a cause of action consists of a primary right and breach, as opposed to a remedy. But this observation does not affect the district court's reasons for ordering dismissal. Thus, Mr. Baker's characterization of the cause of action would not affect the outcome of this appeal.

## V. Conclusion

In the amended complaint, Mr. Baker failed to provide a short and plain statement of the claims. As a result, the district court had the discretion to dismiss the amended complaint, without prejudice, for noncompliance with Rule 8. We affirm.[5]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[5] Mr. Baker requests leave to proceed in forma pauperis. We grant this request.